THE UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, Petitioner v. MARTIN FEINSTEIN, Respondent

UNIVERSITY OF NORTH CAROLINA AT CHAPEL HILL, Petitioner v. HOWARD GORMAN, Respondent

NORTH CAROLINA STATE UNIVERSITY, Petitioner v. PEARL A. WILKINS, Respondent

No. COA03-225

(Filed 16 December 2003)

**Public Officers and Employees— termination of university employees—reduction in force—jurisdiction of Office of Administrative Hearings**

The trial court erred by holding that the later enacted N.C.G.S. § 126-34.1 did not supersede N.C.G.S. § 126-35(c) and that the Office of Administrative Hearings (OAH) had jurisdiction to determine whether petitioners had just cause to terminate respondent university employees through a reduction in force (RIF), because: (1) N.C.G.S. § 126-34.1 was enacted five years after N.C.G.S. § 126-35, and by its own terms of exclusion, N.C.G.S. § 126-34.1 supersedes and controls over any contrary earlier enactments; (2) N.C.G.S. § 126-34.1 supplants N.C.G.S.

§ 126-35 or otherwise the evident intent of the later enacted N.C.G.S. § 126-34.1 in setting out the specific contested cases that are appealable to OAH would be eliminated; and (3) N.C.G.S. § 126-34.1 is the sole source of appellate rights for university employees covered by the State Personnel Act, and it excludes appeals to OAH of RIFs on grounds of lack of just cause and procedural violations.

Appeal by petitioners from order entered 12 November 2002 by Judge Howard E. Manning, Jr., in Wake County Superior Court. Heard in the Court of Appeals 12 November 2003.

*Attorney General Roy Cooper, by Assistant Attorney General Celia Grasty Lata and Special Deputy Attorney General Thomas J. Ziko, for petitioners-appellants.*

*Schiller & Schiller, PLLC, by Marvin Schiller and David G. Schiller, for respondents-appellees Howard Gorman and Pearl A. Wilkins.*

*Martin Feinstein, respondent-appellee, pro se.*

TYSON, Judge.

The University of North Carolina at Chapel Hill ("UNC-CH") and North Carolina State University ("NCSU") (collectively, "petitioners") appeal from the 12 November 2002 order holding that: (1) N.C. Gen. Stat. § 126-34.1 does not supersede N.C. Gen. Stat. § 126-35(c), and (2) that the Office of Administrative Hearings ("OAH") has jurisdiction to determine whether petitioners had just cause to terminate the employment of Howard Gorman ("Gorman"), Pearl A. Wilkins ("Wilkins"), and Martin H. Feinstein ("Feinstein") (collectively, "respondents") through a reduction in force ("RIF"). We reverse and remand.

## I. Background

Feinstein worked in the Academic Technology and Networks Department at UNC-CH. On 17 December 2001, Feinstein was dismissed from his position due to permanent reductions in State funding reductions to UNC-CH's budget. UNC-CH's Information Technology Division was ordered to reduce their budget by four percent for fiscal year 2001-2002. UNC-CH decided to eliminate Feinstein's position. Feinstein's RIF was upheld after review within the UNC-CH internal grievance process.

Gorman worked as manager of UNC-CH's Materials and Support Department. On 31 December 2001, Gorman's position was also eliminated due to permanent reductions in State funding received by UNC-CH. In UNC-CH's internal grievance process, Gorman claimed his notice did not conform to UNC-CH's RIF policy. Chancellor James Moeser ("Chancellor Moeser") found that the notice did not address the efforts made to avoid the elimination of Gorman's position. Accordingly, Chancellor Moeser directed Roger Patterson, Associate Vice Chancellor for Finance, to address these issues and to give Gorman an additional thirty days' pay with benefits, in order to satisfy UNC-CH's RIF requirements.

Wilkins worked as the Customer Operations Manager in the Office of Communication Technologies at NCSU. Wilkins's position was eliminated due to reductions of State funding received by NCSU. Wilkins appealed her layoff through NCSU's grievance process. The review panel concluded that elimination of her position was appropriate. George Worsley, Vice Chancellor for Finance and Business, reviewed the panel's findings, accepted the panel's recommendation, and upheld Wilkins's RIF.

Respondents, subsequently filed OAH petitions in 2002 for contested case hearings alleging improper RIFs. Petitioners moved for, but were denied, dismissal of OAH petitions. Petitioners filed Petitions for Writ of Supersedeas, Certiorari, and Prohibition to OAH in Wake County Superior Court. The trial court found that respondents were entitled to OAH hearings to determine whether petitioners had just cause to terminate respondents' positions. Petitioners appeal.

## II. Issue

Did the trial court err in upholding OAH of jurisdiction over RIF appeals on lack of just cause and procedural violations?

## III. Jurisdiction of OAH

Petitioners contend that N.C. Gen. Stat. § 126-34.1 is the sole source of appellate rights for university employees covered by the State Personnel Act. They argue the statute excludes appeals to OAH of RIFs on grounds of lack of just cause and procedural violations. We agree.

The General Assembly expressly exempted the University of North Carolina from all provisions of the North Carolina

Administrative Procedure Act except those of Article 4. N.C. Gen. Stat. § 150B-1(f) (2001); *see also Beauchesne v. University of N.C. at Chapel Hill,* 125 N.C. App. 457, 468, 481 S.E.2d 685, 692 (1997). The rights of university employees to challenge any employment action in OAH must derive independently, from The State Personnel Act. N.C. Gen. Stat. § 126 (2001); *see also Batten v. N.C. Dep't of Correction,* 326 N.C. 338, 342-43, 389 S.E.2d 35, 38 (1990), *rev'd on other grounds, Empire Power Co. v. N.C. Dep't of E.H.N.R.,* 337 N.C. 569, 447 S.E.2d 768, *reh'g denied,* 338 N.C. 314, 451 S.E.2d 634 (1994). OAH's jurisdiction over appeals of university employee grievances exists solely within the limits established by the State Personnel Act. *Empire Power Co.,* 337 N.C. at 579, 447 S.E.2d at 774.

In 1995, the General Assembly enacted N.C. Gen. Stat. § 126-34.1, which specifically defined which employee appeals constitute contested case issues OAH may hear. N.C. Gen. Stat. § 126-34.1(a) (2001) explicitly states that university employees may file in OAH "only as to the following personnel actions or issues." N.C. Gen. Stat. § 126-34.1(e) states that "[a]ny issue for which appeal to the State Personnel Commission through the filing of a contested case . . . [that] has not been *specifically authorized* by this section *shall not* be grounds for a contested case under Chapter 126." N.C. Gen. Stat. § 126-34.1(e) (2001) (emphasis supplied).

OAH's jurisdiction over state employee RIFs are specifically limited to two narrowly defined circumstances:

> (2)(b) Demotion, reduction in force, or termination of an employee in retaliation for the employee's opposition to alleged discrimination . . . .
>
> . . . .
>
> (4) Denial of the veteran's preference . . . or in connection with a reduction in force, for an eligible veteran . . . .

N.C. Gen. Stat. § 126-34.1 (2001). Respondents do not fall into either one of these two defined circumstances.

## A. Lack of Just Cause

Respondents claim that they were separated from State employment without just cause and that N.C. Gen. Stat. § 126-34.1(a)(1) provides them with a basis for appealing their RIFs. They assert N.C. Gen. Stat. § 126-34.1(a)(1) specifically refers to N.C. Gen. Stat. § 126-35, which defines actions based on just cause.

N.C. Gen. Stat. § 126-34.1(a)(1) specifically refers to "dismissal, demotion, or suspension" without just cause but does not mention RIFs for lack of just cause as a basis for appealing a RIF. RIFs are specifically referred to only twice in the statute. The General Assembly clearly stated in N.C. Gen. Stat. § 126-34.1 that a contested case that "has not been *specifically authorized* by this section *shall not* be grounds for a contested case under Chapter 126." N.C. Gen. Stat. § 126-34.1(e) (2001) (emphasis supplied).

A fundamental rule of statutory interpretation requires the plain meaning of the statute to control its applicability. *Campbell v. Church*, 298 N.C. 476, 484, 259 S.E.2d 558, 564 (1979). A statute that provides a clear enumeration of its inclusion is read to exclude what the General Assembly did not enumerate. *See Dunn v. N.C. Dep't of Human Resources*, 124 N.C. App. 158, 161, 476 S.E.2d 383, 385 (1996); *see also Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987) (the statutory inclusion of specific things implies the exclusion of others). Where statutory language is clear and unambiguous, there is no room for judicial construction. *Begley v. Employment Security Comm'n*, 50 N.C. App. 432, 436, 274 S.E.2d 370, 373 (1981). The language of N.C. Gen. Stat. § 126-34.1 clearly and unambiguously states that the statutory list of appeal grounds in N.C. Gen. Stat. § 126-34.1 is exclusive. This list does not provide for appeals to OAH of RIFs based on lack of just cause.

Furthermore, N.C. Gen. Stat. § 126-34.1 was enacted in 1995, five years after N.C. Gen. Stat. § 126-35. By its own terms of exclusion, N.C. Gen. Stat. § 126-34.1 supersedes and controls over any contrary earlier enactments. N.C. Gen. Stat. § 126-35(c) existed as statutory law when N.C. Gen. Stat. § 126-34.1(e) was enacted. Our Supreme Court has held that construing conflicting statutes to give validity and effect to both is only possible if it can be done without destroying the evident intent and meaning of the later enacted act. *Bank v. Loven*, 172 N.C. 719, 724, 90 S.E. 948, 950 (1916). Given its clear and unambiguous language, the later enacted N.C. Gen. Stat. § 126-34.1 supplants N.C. Gen. Stat. § 126-35. Otherwise, the evident intent of the later enacted N.C. Gen. Stat. § 126-34.1 in setting out the specific contested cases that are appealable to OAH would be eliminated. *Id.*

## B. Procedural Violations

Petitioners contend that N.C. Gen. Stat. § 126-34.1 also excludes appeals of RIFs on grounds of procedural violations. We agree.

N.C. Gen. Stat. § 126-34.1 was ratified during the 1995 legislative session. The statute was embodied in House Bill 438 and Senate Bill 405. These bills originally set forth seven grounds for bringing contested cases before OAH. The seventh of these grounds read: "Reduction in force in violation of the policies and rules of the State Personnel Commission." H.R. 438, 1995 Sess. (N.C. 1995); S. 405, 1995 Sess. (N.C. 1995). On 28 March 1995, the House of Representatives amended its bill by deleting this seventh ground for a contested case hearing. H.R. 438, Committee Substitute (28 March 1995). The Senate deleted the seventh ground as well on 20 April 1995. S. 405, Committee Substitute (20 April 1995). The bill ultimately ratified and enacted by the General Assembly excluded any reference to RIF procedural violations as a contested case before OAH. S. 405, 1995 Session (N.C. 1995).

In *Burgess v. Your House of Raleigh,* our Supreme Court held that legislative history documenting rejection of a statutory provision is probative of the intent to exclude that provision from the statute as enacted. 326 N.C. 205, 209, 388 S.E.2d 134, 141 (1990). The Court found that the General Assembly had considered an amendment to the Communicable Disease Act that would have extended anti-discrimination protections to individuals with Human Immunodeficiency Virus ("HIV"). *Id.* at 217, 388 S.E.2d at 141. The bill was amended and the anti-discrimination provisions were deleted. *Id.* Relying on the General Assembly's consideration and rejection of the anti-discrimination provisions, our Supreme Court concluded that the Handicapped Persons Act was not intended to protect those with HIV and stated, "[t]he General Assembly specifically addressed the particular question at issue here and affirmatively chose not to include persons infected with the HIV virus within the scope of the Handicapped Persons Act." *Id.* at 217, 388 S.E.2d at 141-42.

Here, the General Assembly considered granting state employees the right to bring RIF policy violations as a contested case before OAH. Both the House and Senate bills were amended to delete this particular ground from contested cases. The ratified bill enacted excluded this ground. The General Assembly clearly intended to deny OAH jurisdiction over challenges to RIFs on procedural violation grounds and to grant state employees the right to bring only those RIF claims that are specifically set out in N.C. Gen. Stat. § 126-34.1 before OAH. Respondents have not challenged their RIFs on any of the grounds set out under N.C. Gen. Stat. § 126-34.1. We hold OAH has no jurisdiction to hear the petitions.

IV.  Conclusion

The trial court erred in holding that the later enacted N.C. Gen. Stat. § 126-34.1 does not supersede N.C. Gen. Stat. § 126-35(c) and that OAH has jurisdiction to determine whether respondents' RIFs were based on lack of just cause or procedural violations. The order of the trial court is reversed. We remand with instructions to the superior court to enter an order directing OAH to grant petitioners' motions to dismiss on the grounds of lack of statutory authority.

Reversed and Remanded with instructions.

Judges McCULLOUGH and BRYANT concur.