DEPARTMENT OF TRANSPORTATION, Plaintiff-Appellee v. LINDA TURNER OLINGER, Individually and as Executrix under the Will of Emily W. Turner; MARIA FIRE; HENRY CLAY TURNER, III; HARRIET TURNER RABON; and UNION OIL COMPANY OF CALIFORNIA, Defendants

No. COA04-1468

(Filed 16 August 2005)

**Appeal and Error— appealability—allowance of motion in limine**

Defendants' appeal in a condemnation case from an interlocutory order, which allowed plaintiff's motion in limine estopping defendants from asserting the value of the pertinent property substantially exceeded the value on the pertinent Federal Estate Tax Return and the North Carolina Inheritance Tax Return, is dismissed because: (1) even assuming arguendo that the trial court's order affects some substantial right of defendants, they have not shown how that substantial right will be lost or inadequately addressed absent immediate review; (2) the trial court may, in its discretion, modify or completely change the ruling contained in this order before or during trial; (3) defendants retain the right to appeal the trial court's decision should it refuse to allow the contested evidence at trial; and (4) although the trial court purported to certify this issue for appeal

pursuant to N.C.G.S. § 1A-1, Rule 54(b), there must be a final adjudication of at least one claim in order to permit appeal under Rule 54(b) since that rule requires as a condition precedent that the court enter a final judgment as to one or more but fewer than all the claims or parties.

Appeal by defendants from order entered 28 June 2004 by Judge W. Douglas Albright in Guilford County Superior Court. Heard in the Court of Appeals 16 June 2005.

> *Attorney General Roy Cooper, by Assistant Attorneys General Hilda Burnett-Baker, James M. Stanley, Jr., and Douglas W. Corkhill, for the Department of Transportation.*

> *Hunter, Higgins, Miles, Elam & Benjamin, PLLC, by Robert N. Hunter, Jr. and John C. Elam, for defendants.*

STEELMAN, Judge.

Emily Turner died testate on 12 May 2001, owning a parcel of real estate containing 10.01 acres located in Guilford County, North Carolina. Pursuant to a family settlement agreement dated 10 December 2001, this property was to be distributed equally to Mrs. Turner's children. On 10 June 2002, the North Carolina Department of Transportation (plaintiff) instituted this action pursuant to Chapter 136 of the General Statutes, condemning a portion of the parcel (6.91 acres) for the expansion of Interstate Highway 40. At the time of filing the complaint, plaintiff deposited the sum of $882,990.00 in the office of the Clerk of Superior Court for Guilford County. The individual defendants are the children of Emily Turner, and Linda Turner Olinger is the executrix of the estate. It appears that Union Oil has no interest in the property. Defendants filed an answer requesting that a jury determine the amount of just compensation due.

Plaintiffs appraisal of the property showed that the value of the entire parcel was $1,097,650.00, and that the value of the portion taken and damage to the remainder totaled $882,990.00. During the course of the administration of Emily Turner's estate, Linda Olinger, as executrix, filed an application for letters testamentary and a 90 day inventory with the Clerk of Superior Court of Stanly County (the county of residence of Emily Turner at the time of her death). These documents listed the Guilford County property at the appraised tax value of $501,800.00. Mrs. Olinger also filed a Federal Estate Tax Return and a North Carolina Inheritance Tax Return, both of which

listed the value of the Guilford property at $1,097,650.00, the amount of the DOT appraisal. In the course of the litigation, defendants procured appraisals of the property which valued the property before the taking from $2,100,000.00 to $2,500,000.00.

On 17 June 2004, plaintiff filed a motion *in limine* seeking an order barring defendants from introducing evidence at trial that the fair market value was more than $1,097,650.00, the amount shown as the value on the Federal Estate Tax Return, and the North Carolina Inheritance Tax Return. The basis of this motion was the doctrine of judicial estoppel. On 28 June 2004, the trial court entered an order allowing plaintiff's motion *in limine*, ruling that defendants were "estopped from asserting in this cause that the value of the Chimney Rock Road property substantially exceeds the value placed upon the Chimney Rock Road property by defendants in The Matter of Emily Turner, case No. 01-E-193 and with the Internal Revenue Service in the Estate Tax return." The trial court further held that its order affected a substantial right and certified the matter for immediate appeal pursuant to Rule 54(b) of the Rules of Civil Procedure. From this order, defendants appeal.

The dispositive issue is whether this appeal is properly before us. "[I]f an appealing party has no right of appeal, an appellate court on its own motion should dismiss the appeal even though the question of appealability has not been raised by the parties themselves." *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980).

> A motion *in limine* seeks "pretrial determination of the admissibility of evidence proposed to be introduced at trial," and is recognized in both civil and criminal trials. The trial court has wide discretion in making this advance ruling and will not be reversed absent an abuse of discretion. *Moreover, the court's ruling is not a final ruling on the admissibility of the evidence in question, but only interlocutory or preliminary in nature. Therefore, the court's ruling on a motion* in limine *is subject to modification during the course of the trial.*

*Heatherly v. Industrial Health Council*, 130 N.C. App. 616, 619, 504 S.E.2d 102, 105 (1998) (emphasis added) (internal citations omitted).

The issue presented in this case is identical to that of *Barrett v. Hyldburg*, 127 N.C. App. 95, 487 S.E.2d 803 (1997). In that case, the trial court granted defendant's motion to exclude evidence regarding plaintiff's alleged "repressed memories" of sexual abuse. The order of

the trial court expressed the opinion that its ruling affected a substantial right. This court held that the order was not an appealable interlocutory order. "Although the [order] may affect a substantial right of the defendant[s], this possibility does not make the orders appealable unless they 'will work injury to . . . [them] if not corrected before an appeal from the final judgment.' " *Rudder v. Lawton*, 62 N.C. App. 277, 279, 302 S.E.2d 487, 488-89 (1983) (citation omitted).

Even assuming *arguendo* that the trial court's order affects some substantial right of defendants, they have not shown how that substantial right will be lost or inadequately addressed absent immediate review. *Wade S. Dunbar Ins. Agency, Inc. v. Barber*, 147 N.C. App. 463, 466, 556 S.E.2d 331, 334 (2001). "[I]t is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal . . . ." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Because the trial court may, in its discretion, modify or completely change the ruling contained in this order before or during trial, and because defendants retain the right to appeal the trial court's decision should it refuse to allow the contested evidence at trial, we hold that this interlocutory order is not immediately appealable.

We note that although the trial court purported to certify this issue for appeal pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure, "there must be a final adjudication of at least one claim in order to permit appeal under Rule 54(b) since that rule requires as a condition precedent that the court 'enter a final judgment as to one or more but fewer than all the claims or parties . . . .' " *Garris v. Garris*, 92 N.C. App. 467, 470, 374 S.E.2d 638, 640 (1988) (citation omitted).

> Rule 54(b) certification by the trial court is reviewable by this Court on appeal in the first instance because the trial court's denomination of its decree "a final . . . judgment does not make it so," if it is not such a judgment. Similarly, the trial court's determination that "there is no just reason to delay the appeal," while accorded great deference, cannot bind the appellate courts because "ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court." (Rule 54(b) certification "is not dispositional when the order appealed from is interlocutory").

*First Atl. Mgmt.Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998) (internal citations omitted).

**GRANT v. HIGH POINT REG'L HEALTH SYS.**

[172 N.C. App. 852 (2005)]

In this case, the trial court's order did not dispose of any claims; nor did it dispose of any party to the action. The trial court's attempt to certify this issue for appeal pursuant to Rule 54(b) was therefore ineffective. Defendants' appeal is from a non-appealable interlocutory order, and must be dismissed.

APPEAL DISMISSED.

Judges HUDSON and JACKSON concur.