HIGH ROCK LAKE PARTNERS, LLC, A North Carolina Limited Liability Company, Petitioner v. NORTH CAROLINA DEPARTMENT OF TRANSPORTATION, Respondent

NO. COA09-95

(Filed 18 May 2010)

**1. Appeal and Error— interlocutory order—denial of motion to intervene or be joined as party—Rule 54(b) certification—substantial right**

Although N.C.G.S. § 1A-1, Rule 54(b) certification did not provide the Court of Appeals with jurisdiction over this appeal since the case did not involve a final judgment as to any claim or party, the trial court's denial of an individual's motion to intervene or be joined as a party affected a substantial right that would be lost absent immediate appellate review because petitioner no longer owned the pertinent property and had no reason to pursue the case on remand. Further, petitioner's continued pursuit of this case could be dismissed as moot.

**2. Parties— motion to intervene or be joined as party—real party in interest**

The trial court erred by denying the current property owner's motion to intervene or be joined as a party in a case regarding DOT's denial of an application for a driveway permit. The trial court's failure to join the real party in interest before addressing the merits required the order to be set aside and remanded for an order joining the property owner as a party, and for reconsideration of the petition for judicial review.

Appeal by John M. Dolven, M.D. from order entered 26 August 2008 by Judge Forrest Donald Bridges in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 August 2009.

HIGH ROCK LAKE PARTNERS, LLC v. N.C. DEP'T OF TRANSP.

[204 N.C. App. 55 (2010)]

*Van Winkle, Buck, Wall, Starnes and Davis, P.A., by Craig D. Justus, for John M. Dolven, M.D., appellant.*

*Attorney General Roy Cooper, by Assistant Attorney General James M. Stanley, Jr. and Assistant Attorney General Scott K. Beaver, for respondent-appellee.*

GEER, Judge.

John M. Dolven, M.D. ("Dolven") appeals from the trial court's order entered in this action commenced by High Rock Lake Partners, LLC ("High Rock") against the North Carolina Department of Transportation ("DOT"). Dolven's appeal from that order, in which the trial court denied Dolven's motion to intervene or be joined as a party and remanded the matter to the DOT for further proceedings, is interlocutory. Only the denial of Dolven's motion to intervene or be joined as a party is properly before this Court, and as to that issue, we believe that a substantial right will be affected absent immediate appellate review. Because Dolven, as the current owner of the property for which the permit at issue is sought, is the real party in interest, we reverse the trial court's denial of his motion to be joined as a party.

With respect to the merits of the trial court's order, because Dolven was not a party to the action below, he lacks standing to appeal the trial court's rulings on the merits of High Rock's petition. Nevertheless, since the trial court did not join the real party in interest—Dolven—before addressing the merits, we must set aside the order and remand for an order joining Dolven as a party and for reconsideration of the petition for judicial review.

## Facts

High Rock is a real estate development company based in Mecklenburg County, North Carolina. On 12 August 2005, HCL Partnership, LLP, the predecessor entity to High Rock, bought a parcel of land totaling approximately 188 acres near High Rock Lake in Davidson County, North Carolina for $5,200,000.00. Financing for the purchase price was secured by three deeds of trust, including a first deed of trust held by Dolven.

The property is located on a peninsula jutting out into High Rock Lake, which is situated to the south and east of a railroad crossing. The only means of ingress and egress onto the peninsula from the mainland is by way of a 14-foot-wide road that runs across the rail-

road tracks. That road is SR 1135 and is part of the North Carolina highway system maintained by the DOT. North Carolina Railroad Company ("NCRC") owns an easement over the railroad crossing subject to the DOT's right of way on SR 1135. Norfolk Southern ("Norfolk"), which manages the railroad crossing and rail lines for NCRC, operates a regional hump station on the north and west side of the railroad crossing.

On 9 September 2005, High Rock submitted an application to Davidson County for preliminary plat approval of a 60-home subdivision to be developed on the property. On 20 September 2005, the Davidson County Planning and Zoning Board ("the Planning Board") conducted a meeting regarding the preliminary plat. Representatives from Norfolk appeared at the meeting to voice their opposition to the development, questioning the safety of the railroad crossing on SR 1135 located 1/4 mile from the proposed entrance to the development.

On 4 October 2005, the Planning Board met to consider approval of the preliminary plat. At the meeting, DOT representative Danny Gilbert voiced the DOT's opposition to the development. Gilbert recommended that the County require High Rock to build a bridge or grade separation at the railroad crossing due to safety issues resulting from (1) the high speed and number of trains crossing the location, (2) the hump station causing blocking of the crossing, and (3) the increased traffic on SR 1135 because of the proposed development. A representative from Norfolk also opposed the development, citing safety concerns related to trains blocking the crossing, train horn noise, and the potential for increased trespassers at the hump station. The Planning Board subsequently voted to deny the preliminary plat.

High Rock appealed the decision to the Davidson County Board of Commissioners, which conducted a public hearing on the appeal on 7 November 2005. At the hearing, DOT representatives and Norfolk again spoke in opposition to the development, with the DOT recommending that County approval of the plat be conditioned on High Rock building a bridge at the railroad crossing. On 12 December 2005, the Board of Commissioners reconvened the public hearing and approved the preliminary plat based on High Rock's meeting all of the County's requirements for subdivision approval.

On 6 October 2005, High Rock submitted to the DOT a driveway permit application seeking to extend the end of SR 1135 in order to create an access to the development. On 12 December 2005, the DOT

sent High Rock a letter informing it that the driveway permit application had been denied because SR 1135 was too narrow to accommodate additional traffic from the development, and the parties could not agree as to any widening improvements.

On 11 January 2006, High Rock appealed the DOT's initial decision to deny the driveway permit to Pat Ivey, the DOT Division Engineer. On 3 March 2006, Ivey approved the driveway permit subject to certain conditions. In essence, Ivey ruled that High Rock was required to widen the railroad crossing to allow safe passage of two-way traffic on the road. Ivey said this would require High Rock to (1) "[o]btain all required licenses and approvals from the owning railroad, NCRR, to widen the crossing and approaches on their right of way"; and (2) "[o]btain all necessary agreements and approvals from the operating railroad, Norfolk Southern Railway Company (NSR), necessary to revise and acquire the automatic flashers, gates and enhanced devices that will enable the crossing to remain at the current 'Sealed Corridor' level of safety consistent with the USDOT designation of the corridor for development of high-speed intercity passenger rail service." Ivey directed that "[a]ll expenses and costs associated with the subject improvements shall be borne by the applicant."

On 30 March 2006, High Rock appealed Ivey's decision to the DOT Driveway Permit Appeals Committee. On 12 June 2006, the Appeals Committee upheld the conditions set forth in Ivey's letter. On 12 July 2006, High Rock filed a petition for judicial review in Davidson County Superior Court. The trial court dismissed High Rock's petition with prejudice on 13 September 2007, and on 17 September 2007, High Rock re-filed its petition in Mecklenburg County Superior Court.

On 20 June 2008, High Rock and Dolven filed a motion to join Dolven as a party petitioner to the action. The motion explained that Dolven had acquired the property in a foreclosure proceeding and that High Rock had assigned to Dolven its rights to seek the driveway permit and pursue the appeal of the denial of the permit. The motion contended that "Dolven is a real party in interest and/or a necessary party to this action." High Rock and Dolven also argued that "Dolven's interests as the owner of the Property are different than Petitioner's and not, therefore, adequately represented by the existing Petitioner." Dolven moved in the alternative for an order allowing him to intervene in the action.

The trial court entered an order on 24 July 2008 and an amended order on 26 August 2008 in which it denied the motion for joinder/intervention. The court explained that "High Rock's attempt to assign its claim for relief to Dr. Dolven is contrary to the anti-assignment provisions of G.S. § 143B-426.40A(b) and that, pursuant to that statute, any attempt to assign this claim to Dr. Dolven is void."

The court concluded that the portion of the Final Agency Decision that conditioned receipt of the driveway permit on High Rock's obtaining licenses and approvals from the owning and operating railroads was an unlawful delegation of the determination of the permit application. It reasoned that such a condition unlawfully left to the discretion of the railroads the decision whether or not the necessary licenses and approvals would be issued. The court, therefore, ordered those conditions stricken and remanded the case to the Appeals Committee "for purposes of entering an amended order that determines whether or not to issue a Driveway Permit with respect to this property and, if such Permit is to issue, to determine and specify what, if any[,] conditions are to be attached to the issuance of the Permit." The trial court stated: "Any conditions specified must be articulated by the agency issuing the decision and not left to the discretion of any third party."

The trial court authorized the Appeals Committee on remand to consider additional evidence as necessary to determine what could reasonably be required of High Rock by the railroads and to specify those requirements as conditions of the permit. The court stated:

> The Court's intent is that, at the hearing upon remand, the Committee should consider all pertinent evidence, including evidence of what improvements need to be made for a safe crossing. The Committee would then have authority to deny the application, grant the application without conditions, or grant the application subject to whatever conditions Respondent determines necessary, but the conditions cannot be contingent upon approval of any third party. In other words, whatever steps are necessary to complete the process need to be fully investigated and determined during the hearing process with the Committee.

The court then held that "[a]s to all other aspects of the case, the Court is ruling in favor of the Department." The court concluded: "This matter be, and hereby is, remanded to the Department for consideration, consistent with this Court's order, of whether to deny the Application for Driveway Permit, grant the Application, or grant the

Application conditioned upon the satisfaction of any lawfully speci-fied conditions, but any conditions imposed must be determined by and specified with particularity by the Department rather than by a third party[.]"

Finally, the trial court stated that it was certifying its order for immediate review under Rule 54(b), explaining:

In making this certification, this Court fully recognizes that it ulti-mately will be for the appellate courts to determine whether or not this order constitutes a final order. It is the intent of this court, however, that this order operates as a final determination of the issues of the statutory authority of the Department of Transportation to require improvements at the railroad crossing in connection with the issuance of the permit and the unlawful delegation of decision making authority to a third party.

Dolven gave notice of appeal on 15 September 2008.

## Discussion

[1] As an initial matter, we must address the interlocutory nature of the trial court's order, as it presents a jurisdictional issue. *Akers v. City of Mount Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006). "An interlocutory order . . . is one made during the pendency of an action which does not dispose of the case, but leaves it for fur-ther action by the trial court in order to settle and determine the entire controversy." *Cagle v. Teachy*, 111 N.C. App. 244, 247, 431 S.E.2d 801, 803 (1993). In this case, although the trial court purported to make a final ruling on certain legal arguments, because it remanded for further proceedings, the order did not fully dispose of the case.

*Akers* involved an almost identical situation. In *Akers*, 175 N.C. App. at 778, 625 S.E.2d at 146, the trial court entered an order on a petition for judicial review of an annexation ordinance that resolved various issues raised in the petition, but also remanded the matter to the Board of Commissioners for further proceedings. In dismissing the appeal as interlocutory, this Court observed: "[T]his Court has consistently held that an order by a superior court, sitting in an appel-late capacity, that remands to a municipal body for additional pro-ceedings is not immediately appealable. *See, e.g., Heritage Pointe Builders,* [*Inc. v. N.C. Licensing Bd. of Gen. Contractors*], 120 N.C. App. [502,] 504, 462 S.E.2d [696,] 698 (1995) (appeal of superior court's remand to a licensing board for rehearing dismissed as inter-

locutory); *Jennewein v. City Council of the City of Wilmington*, 46 N.C. App. 324, 326, 264 S.E.2d 802, 803 (1980) (appeal of superior court's remand to a city council for a *de novo* hearing dismissed as interlocutory)." *Akers*, 175 N.C. App. at 779-80, 625 S.E.2d at 146-47.

Under *Akers*, *Heritage Pointe*, and *Jennewein*, this appeal is, therefore, interlocutory. An interlocutory order may be immediately appealed in only two circumstances: (1) when the trial court, pursuant to N.C.R. Civ. P. 54(b), enters a final judgment as to one or more but fewer than all of the claims or parties and certifies that there is no just reason to delay the appeal; or (2) when the order deprives the appellant of a substantial right that would be lost absent appellate review prior to a final determination on the merits. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994).

The trial court, in this case, included language in the order purporting to certify it for immediate appeal under Rule 54(b). The appellate courts are not, however, bound by a trial court's determination that Rule 54(b) applies. *See Dep't of Transp. v. Olinger*, 172 N.C. App. 848, 851, 616 S.E.2d 672, 675 (2005) (explaining that " 'the trial court's determination that "there is no just reason to delay the appeal," while accorded great deference, cannot bind the appellate courts because "ruling on the interlocutory nature of appeals is properly a matter for the appellate division, not the trial court" ' " (quoting *First Atl. Mgmt. Corp. v. Dunlea Realty Co.*, 131 N.C. App. 242, 247, 507 S.E.2d 56, 60 (1998))).

Our courts have stressed that "a Rule 54(b) certification is effective to certify an otherwise interlocutory appeal *only* if the trial court has entered a final judgment with regard to a party or a claim in a case which involves multiple parties or multiple claims." *CBP Res., Inc. v. Mountaire Farms of N.C., Inc.*, 134 N.C. App. 169, 171, 517 S.E.2d 151, 153-54 (1999) (emphasis added). The order in this case does not involve, as required by Rule 54(b), a final judgment as to any claim or party. *See Sharpe v. Worland*, 351 N.C. 159, 162, 522 S.E.2d 577, 579 (1999) (cautioning that "the trial court may not, by certification, render its decree immediately appealable if '[it] is not a final judgment' " (quoting *Lamb v. Wedgewood S. Corp.*, 308 N.C. 419, 425, 302 S.E.2d 868, 871 (1983))); *Cook v. Export Leaf Tobacco Co.*, 47 N.C. App. 187, 189, 266 S.E.2d 754, 756 (1980) ("The court did make a finding that Cook 'shall be entitled to appeal' which might comply with the Rule's requirement that the court determine 'there is no

just reason for delay.' However, the judgment is not final which is also a requirement for appealability under Rule 54(b)."). Since the order in this case did not involve a final judgment as to any claim or party, Rule 54(b) does not provide this Court with jurisdiction over this appeal.

We believe, however, that the trial court's denial of Dolven's motion to intervene or be joined as a party affects a substantial right that would be lost absent appellate review prior to a final determination on the merits. We acknowledge that, ordinarily, an appeal of an order denying a motion to intervene or be joined should be dismissed as interlocutory because "such challenges may be asserted after a final judgment on all the claims without prejudice." *Nello L. Teer Co. v. Jones Bros., Inc.*, 182 N.C. App. 300, 306, 641 S.E.2d 832, 837 (2007). Here, however, the particular procedural posture of this case is such that we are convinced a substantial right will be lost without immediate review. *See United Servs. Auto. Ass'n v. Simpson*, 126 N.C. App. 393, 395, 485 S.E.2d 337, 339 (explaining that this Court will review interlocutory order if appellant demonstrates "the order adversely affects a substantial right which appellant may lose if not granted an appeal before final judgment"), *disc. review denied*, 347 N.C. 141, 492 S.E.2d 37 (1997).

High Rock no longer owns the property for which the permit is sought. It, therefore, has no reason to pursue the permit on remand from the trial court. Moreover, High Rock's continued pursuit of the permit could well be dismissed as moot. *See Messer v. Town of Chapel Hill*, 346 N.C. 259, 261, 485 S.E.2d 269, 270 (1997) (holding plaintiff's sale of property to third party rendered moot his challenge to constitutionality of re-zoning decision). Because of these circumstances, it is possible that there may never be a final judgment entered in this case.

"Our jurisprudence regarding the substantial right analysis is not defined by fixed rules applicable to all cases of a certain type, but rather is based on an individual determination of the facts and procedural context presented by each case." *Boyce & Isley, PLLC v. Cooper*, 169 N.C. App. 572, 574-75, 611 S.E.2d 175, 176 (2005). As this may be Dolven's only chance for review of the denial of his motion for joinder/intervention, we conclude his appeal is properly before us. *See Councill v. Town of Boone Bd. of Adjustment*, 146 N.C. App. 103, 104, 551 S.E.2d 907, 908 (addressing merits of denial of motion to intervene in connection with application for conditional use permit

although appeal interlocutory), *disc. review denied,* 354 N.C. 360, 560 S.E.2d 130 (2001).

[2] Turning to the merits of the trial court's decision on the intervention/joinder motion, we first address the trial court's determination that Dolven should not be made a party to this action because High Rock's assignment to Dolven of the right to pursue the permit was invalid under N.C. Gen. Stat. § 143B-426.40A(b) (2009). N.C. Gen. Stat. § 143B-426.40A(b) provides:

> Except as otherwise provided in this section, any assignment of a claim against the State is void, regardless of the consideration given for the assignment, unless the claim has been duly audited and allowed by the State and the State has issued a warrant for payment of the claim. Except as otherwise provided in this section, the State shall not issue a warrant to an assignee of a claim against the State.

After Dolven purchased the property, High Rock and Dolven entered into an agreement that provided:

> To the extent allowed by law, for good and valuable consideration, HIGH ROCK LAKE PARTNERS, LLC does hereby assign, to JOHN DOLVEN, except as reserved below, its rights of appeal set forth in the Petition for Judicial Review ("Petition") with the North Carolina Department of Transportation, et al as Respondents, filed in Mecklenburg County Superior Court on September 17, 2007, being File No. 07 CVS 18706, along with any and all rights and claims of ownership to the driveway permit application identified as Exhibit "I" to the Petition; the driveway permit, or decisions related thereto, being appealed identified as Exhibit "S" to the Petition; and any and all rights to receive governmental approvals, including a driveway permit, for the development identified in paragraph #10 of the Petition as 60 single family residential lots off SR 1135 on the Property described in Deed Book 1634, at Page 695, Davidson County Registry. The parties agree that High Rock Lake Partners, LLC reserves the right to remain a party in the Petition case in the event that an assignment of any of the foregoing approvals is not allowed under any applicable law and in order to protect its interests and standing in the damages case referenced below. Notwithstanding, the parties agree that Dolven have [sic] the sole and exclusive discretion in deciding any future use or sale of the property in question, including all rights to retain any profits associated therewith.

Whether this assignment is barred by N.C. Gen. Stat. § 143B-426.40A(b) depends on whether the subject of High Rock's assignment is a "claim against the State."

As this is a question of statutory interpretation, we review this argument de novo. *Brown v. Flowe*, 349 N.C. 520, 523, 507 S.E.2d 894, 896 (1998) ("A question of statutory interpretation is ultimately a question of law for the courts."). The statute does not specifically define "claim against the State" except to provide that it includes a part or interest in a claim. N.C. Gen. Stat. § 143B-426.40A(a)(2). It is, however, fundamental that "statutory interpretation requires the plain meaning of the statute to control its applicability." *Univ. of N.C. at Chapel Hill v. Feinstein*, 161 N.C. App. 700, 704, 590 S.E.2d 401, 403 (2003), *disc. review denied*, 358 N.C. 380, 598 S.E.2d 380 (2004).

Generally, a "claim" is defined as "[t]he assertion of an existing right; any right to payment or to an equitable remedy" or "[a] demand for money, property, or a legal remedy to which one asserts a right. . . ." Black's Law Dictionary 281-82 (9th ed. 2004). The manner in which the phrase "claim against the State" is used in § 143B-426.40A(b) comports with such a definition of "claim" as an entitlement to a legal remedy. The statute specifies that any assignment of a claim against the State is void "unless the claim has been duly audited and *allowed* by the State and the State has issued a warrant for *payment* of the claim." N.C. Gen. Stat. § 143B-426.40A(b) (emphasis added). Similarly, the statute defines "[a]ssignment" as "[a]n assignment or transfer of a claim, or a power of attorney, an order, *or another authority for receiving payment of a claim.*" N.C. Gen. Stat. § 143B-426.40A(a)(1) (emphasis added).

The two cases cited by DOT in its brief—the only authority construing N.C. Gen. Stat. § 143B-426.40A(b) or its predecessor—also indirectly support this construction. In *Ledbetter Bros., Inc. v. N.C. Dep't of Transp.*, 68 N.C. App. 97, 100-01, 314 S.E.2d 761, 763 (1984), this Court held that a "hold harmless" clause did not constitute an assignment under § 143B-426.40A(b). Even though a subcontractor had agreed to "hold harmless" a general contractor if the DOT declined a claim by the general contractor based on the subcontractor's work, the Court held that the general contractor could sue the DOT for funds withheld based on the subcontractor's work. *Id.* The Court reasoned that the "hold harmless" agreement had not transferred anything to the general contractor, and no payment had been made to the general contractor that would preclude it from pursuing

**HIGH ROCK LAKE PARTNERS, LLC v. N.C. DEP'T OF TRANSP.**

[204 N.C. App. 55 (2010)]

its own claim for relief since it remained unpaid. *Id.* at 101-02, 314 S.E.2d at 765.

In contrast, in *Bolton Corp. v. State,* 95 N.C. App. 596, 598, 383 S.E.2d 671, 672 (1989), *disc. review denied,* 326 N.C. 47, 389 S.E.2d 85 (1990), the other case cited by the DOT, a subcontractor assigned its claim for damages against the State to the prime contractor and the prime contractor brought suit. On appeal, this Court affirmed the trial court's ruling that the subcontractor's assignment of its claim for damages was void under the anti-assignment statute. *Id.* at 599, 383 S.E.2d at 673.

Neither of these cases explicitly discusses what constitutes a "claim against the State." Both cases, however, assumed that an assignment falling within the scope of N.C. Gen. Stat. § 143B-426.40A(b) would involve the transfer of a claim for legal relief—more specifically, a claim for payment of monetary damages—that would be sought in an adjudicative forum. High Rock's application to obtain a driveway permit and subsequent appeal from the denial is not a demand for payment or other legal remedy from the DOT. Instead, High Rock was seeking appellate review of a decision made by the DOT in an administrative capacity. In fact, the assignment agreement specified that High Rock reserved the right to remain a party in the action to protect its claim to monetary damages. We hold, therefore, that High Rock did not assign a "claim against the State"—within the meaning of the anti-assignment statute—to Dolven, and its assignment was, therefore, not void on that ground.

Since N.C. Gen. Stat. § 143B-426.40A(b) is inapplicable, we must determine whether Dolven was otherwise entitled to be joined or to intervene as a party. One of the bases for the motion was Rule 17(a) of the Rules of Civil Procedure, which requires that "[e]very claim shall be prosecuted in the name of the real party in interest . . . ."[1] " 'The real party in interest is the party who by substantive law has the legal right to enforce the claim in question.' " *Whittaker v. Furniture Factory Outlet Shops,* 145 N.C. App. 169, 175, 550 S.E.2d 822, 825 (2001) (quoting *Reliance Ins. Co. v. Walker,* 33 N.C. App. 15, 19, 234 S.E.2d 206, 209, *disc. review denied,* 293 N.C. 159, 236 S.E.2d 704 (1977)). Thus, the real party in interest is " 'a party who is benefitted or injured by the judgment in the case.' " *Id.* (quoting *Reliance Ins. Co.,* 33 N.C. App. at 19, 234 S.E.2d at 209).

---

1. The DOT does not address the applicability of Rule 17 in its brief on appeal.

Here, it is undisputed that Dolven is now the owner of the property, and High Rock no longer has any interest in that property. Only Dolven, as the owner, would benefit from a decision by the DOT allowing a driveway permit. High Rock has assigned all of its rights in the driveway permit application to Dolven, and Dolven has exclusive discretion to decide how to use the property. The DOT has not argued, apart from N.C. Gen. Stat. § 143B-426.40A(b), that this assignment of the driveway permit application is necessarily improper. Dolven is the only party who will be benefitted or injured by the decision on appeal in this case and is, therefore, the real party in interest. *See Land v. Tall House Bldg. Co.*, 150 N.C. App. 132, 133, 563 S.E.2d 8, 9 (2002) (holding that insurance carrier for defendant contractor was real party in interest as to third party claim against stucco manufacturer when plaintiff homeowners assigned their right to sue for defects in their house to insurance carrier).

Rule 17(a) makes plain that the trial court should not have addressed the merits of the case without first allowing the real party in interest to be joined. It provides: "No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest[.]" In *Daniel v. Wray*, 158 N.C. App. 161, 167, 580 S.E.2d 711, 716 (2003), this Court held that pursuant to this language, when an action has not been brought by the real party in interest, the trial court should, before ruling on the merits of an action, "either grant[] a continuance to permit [the real party in interest's] joinder or correct[] the defect *ex mero motu*."

As in *Daniel*, where the trial court erred in ruling on the merits before permitting joinder, the trial court, in this case, erred in addressing the merits without first joining Dolven as a party.[2] We cannot find this failure to join Dolven harmless because, since High Rock will not benefit if the driveway permit is allowed, there is no guarantee that High Rock will pursue the permit on remand or that the DOT would allow High Rock, a non-owner, to proceed with the application. *See Booker v. Everhart*, 294 N.C. 146, 158, 240 S.E.2d 360, 367 (1978) (holding that failure to join necessary party was prejudicial). Accordingly, we reverse and remand so that Dolven can be added as the real party in interest. *See Richland Run Homeowners Ass'n v. CHC Durham Corp.*, 123 N.C. App. 345, 353, 473 S.E.2d 649, 655

---

2. Because of this holding, we need not address Dolven's arguments regarding intervention.

(1996) (Greene, J., dissenting) (concluding that under Rule 17, trial court should have either corrected plaintiff's error by joining real party in interest or refused to rule on merits until real party in interest was substituted for plaintiff, and reversing and remanding "to give the real party in interest an opportunity to join or be substituted as a party plaintiff"), *adopted per curiam,* 346 N.C. 170, 484 S.E.2d 527 (1997).

Only after Dolven is joined should the trial court decide the merits of the petition for judicial review. Dolven, however, urges this Court to go ahead and address the substantive issues raised in its appellant's brief regarding the order below. Dolven, the sole person bringing this appeal, was not, however, a party below.

In *Bailey v. State,* 353 N.C. 142, 156, 540 S.E.2d 313, 322 (2000), this Court held that the Attorney General, who had represented the State in a class action, could not himself appeal the trial court's award of attorney's fees to counsel for the class, because the Attorney General was not a party. The Court explained that "[i]n order to confer jurisdiction on the state's appellate courts, appellants of lower court orders must comply with the requirements of Rule 3 of the North Carolina Rules of Appellate Procedure." *Id.* Because those requirements are "jurisdictional," "failure to follow the rule's prerequisites mandates dismissal of an appeal." *Id.*

The Court observed:

> Rule 3 specifically designates that "any *party* entitled by law to appeal from a judgment or order of a superior or district court rendered in a civil action or special proceeding may take appeal." More specifically, only a "party aggrieved" may appeal a trial court order or judgment, and such a party is one whose rights have been directly or injuriously affected by the action of the court.

> A careful reading of Rule 3 reveals that its various subsections afford no avenue of appeal to either entities or persons who are nonparties to a civil action. Therefore, as we have already determined that the Attorney General is not a party to the case *sub judice,* we can find no grounds on which to allow his appeal. Accordingly, as presented, it must be dismissed.

*Id.* (internal citations omitted). *See also In re Brownlee,* 301 N.C. 532, 546, 272 S.E.2d 861, 869 (1981) ("One who is not a party to an action

or who is not privy to the record is not entitled to appeal from the judgment of a lower court.").

Because Dolven was not a party below, he cannot appeal the trial court's ruling on the merits of High Rock's action. The decision below is, therefore, vacated,' and this matter is remanded for further proceedings in accordance with this opinion.

Vacated and remanded.

Judges ROBERT C. HUNTER and STEELMAN concur.