PAMELA JOHNSON, TERRY J. COX, AND DEENA HEAD, PLAINTIFFS
v.
FORSYTH COUNTY, FORSYTH COUNTY BOARD OF ELECTIONS AND ROBERT COFFMAN, (INDIVIDUALLY, AND IN HIS OFFICIAL CAPACITY AS DIRECTOR OF FORSYTH COUNTY BOARD OF ELECTIONS), DEFENDANTS

No. COA12-1339

Filed 21 May 2013

**Public Officers and Employees—Whistleblower Act—county board of elections employees**

The language of the North Carolina Whistleblower Act and statutes concerning the State Personnel System are clear and unambiguous: county board of elections employees are not covered by the Whistleblower Act. The trial court did not err by dismissing plaintiffs' Whistleblower claims for failure to state a claim upon which relief could be granted.

Appeal by plaintiffs from order entered 17 July 2012 by Judge Lindsay R. Davis, Jr. in Forsyth County Superior Court. Heard in the Court of Appeals 11 April 2013.

*Hairston Lane Brannon, PA, by James E. Hairston, Jr., M. Brad Hill, and Jeremy R. Leonard, for plaintiff-appellants.*

*Womble Carlyle Sandridge & Rice, LLP, by James R. Morgan, Jr., Mary Craven Adams, and Sonny S. Haynes, for defendant-appellees.*

STEELMAN, Judge.

Where plaintiffs were not state employees, they were not entitled to protection under the provisions of the North Carolina Whistleblower Act.

## I. Factual and Procedural Background

On or about 21 June 2001, Pamela Johnson (Johnson) was hired by the Forsyth County Board of Elections (BOE) as an administrative assistant. In October of 2001, Terry Cox (Cox) was hired by BOE, and served as interim Director of BOE until 10 July 2006, at which time Robert Coffman (Coffman) was hired as the Director of BOE.

In August 2007, Johnson reported to the Forsyth County Finance Department that Coffman had violated Forsyth County policy on the use of a County credit card. Also in August of 2007, Johnson and Cox met with a member of the BOE to present alleged violations of North Carolina election law under Coffman's supervision. These allegations were investigated by the State Board of Elections. In spring of 2008, Johnson met with the Chairman of BOE to inform him that Coffman had hired a consultant for BOE without bidding the position as required by law.

In August 2008, Deena Head (Head) was hired by BOE as a seasonal employee for the 2008 election. Subsequently, she contended that she was subjected to harassment and harsh language by Coffman. She was not asked to work on the 2009 elections, and later discovered that other temporary employees had been hired.

On or about 1 May 2009, Johnson was terminated for cause. In November 2009, Cox elected early retirement upon the advice of his physician.

On 13 October 2011, Johnson, Cox, and Head (collectively, plaintiffs) filed this action in Forsyth County Superior Court alleging claims for: (1) negligent hiring of Coffman; (2) negligent retention of Coffman; (3) wrongful termination of Johnson; (4) negligent infliction of emotional distress by Coffman; and (5) adverse action by BOE in violation of the North Carolina Whistleblower Act. On 17 July 2012, the trial court dismissed plaintiffs' claims under the Whistleblower Act pursuant to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure for failure to state a claim upon which relief can be granted.[1]

Plaintiffs appeal.

---

1. Subsequent to the dismissal of the Whistleblower claim, all other claims were dismissed by the trial court at summary judgment. Thus, although this appeal was originally interlocutory, it is an appeal of a final judgment or order pursuant to N.C. Gen. Stat. § 7A-27(b).

## II. Grant of Motion to Dismiss

In their sole argument on appeal, plaintiffs contend that the trial court erred in granting defendants' motion to dismiss their Whistleblower Act claims. We disagree.

### A.  Standard of Review

"The motion to dismiss under N.C. R. Civ. P. 12(b)(6) tests the legal sufficiency of the complaint. In ruling on the motion the allegations of the complaint must be viewed as admitted, and on that basis the court must determine as a matter of law whether the allegations state a claim for which relief may be granted." *Stanback v. Stanback*, 297 N.C. 181, 185, 254 S.E.2d 611, 615 (1979) (citations omitted).

"This Court must conduct a *de novo* review of the pleadings to determine their legal sufficiency and to determine whether the trial court's ruling on the motion to dismiss was correct." *Leary v. N.C. Forest Prods., Inc.*, 157 N.C. App. 396, 400, 580 S.E.2d 1, 4, *aff'd per curiam*, 357 N.C. 567, 597 S.E.2d 673 (2003).

### B.  Analysis

Plaintiffs contend that they are entitled to pursue a claim under the North Carolina Whistleblower Act. This statute provides that:

> (a)   It is the policy of this State that State employees shall be encouraged to report verbally or in writing to their supervisor, department head, or other appropriate authority, evidence of activity by a State agency or State employee constituting:

> (1)   A violation of State or federal law, rule or regulation;

> (2)   Fraud;

> (3)   Misappropriation of State resources;

> (4)   Substantial and specific danger to the public health and safety; or

> (5)   Gross mismanagement, a gross waste of monies, or gross abuse of authority.

> (b)   Further, it is the policy of this State that State employees be free of intimidation or harassment when reporting to public bodies about matters of public concern, including offering testimony to or testifying before appropriate legislative panels.

N.C. Gen. Stat. § 126-84 (2011). The Act further provides that:

> (a)    No head of any State department, agency or institution or other State employee exercising supervisory authority shall discharge, threaten or otherwise discriminate against a State employee regarding the State employee's compensation, terms, conditions, location, or privileges of employment because the State employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in G.S. 126-84, unless the State employee knows or has reason to believe that the report is inaccurate.

> (a1) No State employee shall retaliate against another State employee because the employee, or a person acting on behalf of the employee, reports or is about to report, verbally or in writing, any activity described in G.S. 126-84.

> (b)    No head of any State department, agency or institution or other State employee exercising supervisory authority shall discharge, threaten or otherwise discriminate against a State employee regarding the employee's compensation, terms, conditions, location or privileges of employment because the State employee has refused to carry out a directive which in fact constitutes a violation of State or federal law, rule or regulation or poses a substantial and specific danger to the public health and safety.

> (b1) No State employee shall retaliate against another State employee because the employee has refused to carry out a directive which may constitute a violation of State or federal law, rule or regulation, or poses a substantial and specific danger to the public health and safety.

> (c)    The protections of this Article shall include State employees who report any activity described in G.S. 126-84 to the State Auditor as authorized by G.S. 147-64.6B or to the Program Evaluation Division as authorized by G.S. 120-36.12(10).

N.C. Gen. Stat. § 126-85 (2011).

We note that these statutes apply specifically to "State employees." Chapter 126 of the General Statutes, entitled "State Personnel System," contains a provision that:

(a) The provisions of this Chapter shall apply to:

. . . .

    (2) All employees of the following local entities:

a.   Area mental health, developmental disabilities, and substance abuse authorities, except as otherwise provided in Chapter 122C of the General Statutes.

b.   Local social services departments.

c.   County health departments and district health departments.

d.   Local emergency management agencies that receive federal grant-in-aid funds.

N.C. Gen. Stat. § 126-5 (2012). Article 14 of Chapter 126, entitled "Protection for Reporting Improper Government Activities" (the Whistleblower Act) is governed by the definitions contained in N.C. Gen. Stat. § 126-5.

"A statute that provides a clear enumeration of its inclusion is read to exclude what the General Assembly did not enumerate." *Univ. of N.C. v. Feinstein*, 161 N.C. App. 700, 704, 590 S.E.2d 401, 403 (2003); *see also Dunn v. N.C. Dep't of Human Res.*, 124 N.C. App. 158, 161, 476 S.E.2d 383, 385 (1996); *Morrison v. Sears, Roebuck & Co.*, 319 N.C. 298, 303, 354 S.E.2d 495, 498 (1987). Only the employees of certain local entities fall within the purview of Chapter 126; any local entities absent from that list are excluded from the provisions of Chapter 126, including the Whistleblower Act.

Plaintiffs cite to our decision in *Graham Cty. Bd. of Elections v. Graham Cty. Bd. of Comm'rs*, ___ N.C. App. ___, 712 S.E.2d 372 (2011), for the proposition that the Whistleblower Act applies to employees of County Boards of Elections because the County Board members and director are appointed by the State Board of Elections. However, this ignores our explicit holding in *Graham Cty.* that "[w]hile a county director of elections is appointed and terminated by the State Board of Elections, he is a 'county employee.'" *Id.* at ___, 712 S.E.2d at 377 (citing N.C. Gen. Stat. § 163–32(c) (2009)). The opinion went on to hold that County Board of Elections employees are county employees, paid by the county. Thus *Graham Cty.*, rather than buttressing plaintiffs' contentions, undermines their position.

As noted above, the language of Chapter 126 is clear and unambiguous. County Board of Elections employees are not covered by the Whistleblower Act. We affirm the decision of the trial court.

AFFIRMED.

Judges ELMORE and STROUD concur.