HERITAGE POINTE BUILDERS, INC., AND PATRICK E. HANNON, JR. v. NORTH CAR-
OLINA LICENSING BOARD OF GENERAL CONTRACTORS

No. COA94-816

(Filed 17 October 1995)

### Appeal and Error § 87 (NCI4th)— interlocutory order not appealable

Where the trial court vacated a decision of the Licensing Board of General Contractors and remanded the case for a rehearing based on the court's findings that the Board's refusal to allow plaintiff to question the Board members as to their bias was arbitrary and capricious and a violation of due process and on its finding that the Board did not comply with the North Carolina Rules of Evidence, the order required further action to settle the controversy, was interlocutory, and was therefore not appealable.

**Am Jur 2d, Appellate Review §§ 84-88, 117.**

Appeal by respondent from order entered 2 May 1994 in Wake County Superior Court by Judge Narley L. Cashwell. Heard in the Court of Appeals 25 September 1995.

*M. Jackson Nichols for petitioner-appellees.*

*Bailey & Dixon, L.L.P., by Carson Carmichael, III and Denise Stanford Haskell, for respondent-appellant.*

GREENE, Judge.

North Carolina Licensing Board of General Contractors (the Board) appeals from an Order of Remand entered 2 May 1994 in Wake County Superior Court vacating the Board's decision in the matter of Carolina Cape Fear Builders, Inc. (Cape Fear) and Heritage Pointe

Builders, Inc. (Heritage Pointe) and granting petitioners, Heritage Pointe and Patrick E. Hannon, Jr. (Hannon), attorney fees.

Cape Fear was licensed to practice general contracting on 17 July 1985, with Hannon as the qualifying party. The license expired in December 1991. On 17 September 1992, Heritage Pointe filed an application with the Board for licensure as a limited residential contractor, requesting that Hannon serve as its qualifying party, and his examination be transferred from Cape Fear. On 17 May 1993, Heritage Pointe amended its application, requesting an unlimited residential license. On 30 July 1993, Heritage Pointe filed a second application for a limited residential license and requested that Michael Hannon serve as qualifier.

Prior to a hearing before the Board, Heritage Pointe filed an Affidavit of Disqualification & Motion for Hearing or Referral to OAH seeking to disqualify members of the Board pursuant to N.C. Gen. Stat. § 150B-40 and 21 NCAC 12 .0825. The affidavit claimed that certain unnamed Board members had received information about Hannon's criminal history that would prejudice those members against Hannon and Heritage Pointe. At the hearing the Board denied Heritage Pointe's request to question Board members as to any possible bias. In closed chambers, Chairman Richard T. Howard appointed a Board member to poll all the members as to whether they would be able to render an impartial decision. All agreed they would be able to give an impartial decision. The Board found that due to Hannon's pleading guilty to second degree rape in 1981, and pleading no contest to misdemeanor assault and battery in 1992, the applicant Heritage Pointe, with Hannon serving as qualifying party, is not of "good character" and "integrity," and therefore the application was denied. The Board granted the application of Heritage Pointe with Michael Hannon serving as the qualifying party. The Board took no action with regard to the expired license of Cape Fear. Heritage Pointe and Hannon appealed to the superior court.

On review to Wake County Superior Court, Judge Cashwell found that the Board's refusal to allow Heritage Pointe to question the Board members was "arbitrary and capricious" and a violation of due process. Judge Cashwell also found that the Board did not comply with the North Carolina Rules of Evidence, and awarded attorney fees to Heritage Pointe and Hannon. The case was remanded for rehearing by the Licensing Board in accordance with these findings.

The issue is whether this Court has jurisdiction to hear this appeal.

The trial court vacated the Board's decision and remanded the case for a rehearing, consistent with its order. Because the order requires further action to settle the controversy, it is interlocutory, *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381, *reh'g denied*, 232 N.C. 744, 59 S.E.2d 429 (1950), and this Court has jurisdiction only if "the order affects some substantial right and [the loss of that right] will work injury to appellant if not corrected before appeal from final judgment." *Goldston v. American Motors Corp.*, 326 N.C. 723, 726, 392 S.E.2d 735, 736 (1990); *see also J & B Slurry Seal Co. v. Mid-South Aviation, Inc.*, 88 N.C. App. 1, 5, 362 S.E.2d 812, 815 (1987); N.C.G.S. § 7A-27(b) (1989) (only final orders of administrative agency appealable). Assuming the existence of a substantial right in this case, the record does not support a determination that the Board's right to pursue the contentions made in this appeal would be impaired or prejudiced if it were forced to delay presentation of these contentions until entry of a final order in the trial court. *See Jennewein v. City Council of Wilmington*, 46 N.C. App. 324, 326, 264 S.E.2d 802, 803 (1980) (appeal from trial court remanding to city council for hearing de novo dismissed as premature); *see also Edwards v. Raleigh*, 240 N.C. 137, 139, 81 S.E.2d 273, 275 (1954) (appeal does not lie from order of trial court remanding to Industrial Commission because not a final judgment); *but see Tastee Freez Cafeteria v. Watson*, 64 N.C. App. 562, 564, 307 S.E.2d 800, 801 (1983) (appeal allowed from order of superior court remanding case to Employment Security Commission for a new hearing). The appeal must therefore be dismissed.

We note that although the interlocutory nature of this appeal was not properly raised by the parties, because it is jurisdictional in nature we have an obligation to address the issue and do so *sua sponte*. *Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980).

Dismissed.

Chief Judge ARNOLD and Judge SMITH concur.