MILLS POINTE HOMEOWNER'S ASSOCIATION, INC., a NORTH CAROLINA NON-PROFIT CORPORATION, PLAINTIFF v. JOAN P. WHITMIRE, GARY D. MORGAN VIRGINIA M. MORGAN, GARY D. MORGAN DEVELOPER, INC., a NORTH CAROLINA CORPORATION, AND SOUTHWIND ENTERPRISES INCORPORATED, a NORTH CAROLINA CORPORATION, DEFENDANTS

No. COA00-1067

(Filed 18 September 2001)

### Appeal and Error–appealability–interlocutory order–no substantial right

Plaintiff's appeal from an order partially granting defendant's motion to dismiss the claims for declaratory judgment, fraud, unfair and deceptive trade practices, breaches of covenants, and attorney fees is dismissed because it is an appeal from an interlocutory order since the claims for conversion and punitive damages remain, and the appeal does not affect a substantial right.

Appeal by plaintiff from order entered 3 July 2000 by Judge Ronald K. Payne in Henderson County Superior Court. Heard in the Court of Appeals 15 August 2001.

*Dungan & Mitchell, P.A., by Robert E. Dungan and Shannon Lovins, for plaintiff-appellant.*

*Prince, Youngblood & Massagee, by Boyd B. Massagee, Jr. and Sharon B. Alexander, for defendant-appellee Whitmire.*

HUDSON, Judge.

Mills Pointe Homeowner's Association, Inc. ("plaintiff") appeals from an order granting in part defendant Joan P. Whitmire's motion to dismiss. The order is interlocutory, and, plaintiff having failed to demonstrate that a substantial right will be affected if plaintiff is not given the right of immediate appeal from the order, this appeal is dismissed.

The pertinent procedural history is as follows. On 29 April 1999, plaintiff filed a complaint naming as defendants Whitmire, Gary D. and Virginia M. Morgan ("the Morgans"), Gary D. Morgan Developer, Inc., and Southwind Enterprises Inc. ("Southwind"). At all relevant times, Whitmire was the president and secretary of Southwind. The complaint alleges causes of action for: (1) a declaratory judgment regarding real property known as the Mills Pointe Subdivision; (2)

fraud against all defendants; (3) unfair and deceptive trade practices against all defendants, *see* N.C. Gen. Stat. § 75-1.1 (1999); (4) breaches of covenants against all defendants; (5) breaches of fiduciary duties against the Morgans; (6) conversion against Whitmire and Southwind; (7) attorney's fees against all defendants; and (8) punitive damages against the Morgans, Southwind, and Whitmire.

On 2 July 1999, Whitmire and Southwind filed an answer and a motion to dismiss all causes of action, pursuant to North Carolina Rule of Civil Procedure 12(b)(6). Pursuant to plaintiff's motions for entry of default, the trial court entered an order of default against the Morgans on 23 August 1999, and against Gary D. Morgan Developer, Inc. on 30 May 2000. After hearing Whitmire's motion to dismiss, the court granted the motion in part in an order filed 3 July 2000. Specifically, the court dismissed the claims for declaratory judgment, fraud, unfair and deceptive trade practices, breaches of covenants, and attorney's fees as to Whitmire. Plaintiff appeals from the 3 July 2000 order.

Although neither party addressed the interlocutory nature of plaintiff's appeal, we raise this issue of appealability on our own motion. *See Bailey v. Gooding*, 301 N.C. 205, 208, 270 S.E.2d 431, 433 (1980). "An order is interlocutory if it does not determine the entire controversy between all of the parties." *Abe v. Westview Capital*, 130 N.C. App. 332, 334, 502 S.E.2d 879, 881 (1998). An order granting a motion to dismiss certain claims in an action, leaving other claims to go forward, is an interlocutory order. *See Thompson v. Newman*, 74 N.C. App. 597, 328 S.E.2d 597 (1985). In the order at issue here, the superior court dismissed the claims for declaratory judgment, fraud, unfair and deceptive trade practices, breach of covenants, and attorney's fees, but allowed the conversion and punitive damages claims against Whitmire, as well as all of the claims against Southwind, to go forward. In addition, while the clerk has entered defaults in the claims against the Morgans, no judgments have been entered on these claims. Therefore, the order from which plaintiff appeals is interlocutory.

In general, there is no right to appeal from an interlocutory order. *See, e.g., Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). However, a party may appeal an interlocutory order "where the order represents a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal," or "where delaying the appeal will irreparably impair a sub-

stantial right of the party." *Hudson-Cole Dev. Corp. v. Beemer*, 132 N.C. App. 341, 344, 511 S.E.2d 309, 311 (1999) (internal quotation marks omitted); *see* N.C. Gen. Stat. §§ 1A-1, Rule 54(b), 1-277, 7A-27(d) (1999). Here, the trial court did not certify that there is no just reason to delay the appeal. Thus, an immediate appeal from the interlocutory order here is proper if delay would irreparably impair a substantial right of plaintiff.

The party desiring an immediate appeal of an interlocutory order bears the burden of showing that such appeal is necessary to prevent loss of a substantial right. *See Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254. In *Jeffreys*, our Court dismissed an interlocutory appeal when the appellant "presented neither argument nor citation to show this Court that [it] had the right to appeal the [interlocutory order]. It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order . . . ." *Id.* Although at oral argument here, plaintiff's counsel asserted that the substantial right which plaintiff seeks to protect is the avoidance of inconsistent verdicts, plaintiff neither mentioned nor argued in its brief that it risked loss of a substantial right absent immediate appeal. We conclude that plaintiff has not met its burden. Accordingly, plaintiff's appeal is dismissed.

Appeal dismissed.

Judges WALKER and McGEE concur.