AARON AND LOIS A. AKERS, ET AL., PETITIONERS v. CITY OF MOUNT AIRY, A NORTH
CAROLINA MUNICIPAL CORPORATION, RESPONDENT

No. COA05-140

(Filed 7 February 2006)

**Appeal and Error— appealability—order remanding annexation ordinance—no showing of substantial right**

Petitioners' appeal from a superior court order remanding an annexation ordinance to the Mount Airy Board of Commissioners (BOC) for amendment to conform the boundaries of the annexation area to the requirements of N.C.G.S. § 160A-48(c)(3) is dismissed as an appeal from an interlocutory order, because: (1) the superior court's order expressly indicated that it was not a final judgment, but rather that the court was remanding the matter to the BOC for further proceedings before entry of a final judgment; (2) an order by a superior court, sitting in an appellate capacity, that remands to a municipal body for additional proceedings is not immediately appealable; and (3) petitioners have not demonstrated that a substantial right would be affected in the absence of immediate review.

Appeal by petitioners from order entered 27 May 2004 by Judge Steve A. Balog in Surry County Superior Court. Heard in the Court of Appeals 18 October 2005.

*Womble Carlyle Sandridge & Rice, by James R. Morgan, Jr. and Roddey M. Ligon, Jr.; and Edwin M. Woltz, for petitioners-appellants.*

*Tharrington Smith, L.L.P., by Michael Crowell and Kristopher B. Gardner; and Gardner, Gardner & Campbell, P.L.L.C., by Hugh B. Campbell, III, for respondent-appellee.*

GEER, Judge.

Petitioners, owners of land subjected to annexation by the City of Mount Airy, appeal a superior court order remanding the annexation ordinance to the Mount Airy Board of Commissioners for amendment to conform the boundaries of the annexation area to the requirements of N.C. Gen. Stat. § 160A-48(c)(3) (2005). Because the superior court order does not dispose of the case, but rather requires further proceedings, it is interlocutory. Petitioners have not demonstrated that a

substantial right would be affected in the absence of immediate review and, therefore, we dismiss the appeal.

On 21 April 2003, the City adopted an annexation ordinance extending its corporate limits to encompass land owned by petitioners effective 1 May 2004. On 18 June 2003, the petitioners sought review of the annexation ordinance in Surry County Superior Court pursuant to N.C. Gen. Stat. § 160A-50 (2005). During a 5 April 2004 bench trial, petitioners argued that the City failed to comply with the statutory mandates of N.C. Gen. Stat. §§ 160A-47, -48, and -49 (2005) and that the annexation ordinance should, therefore, be declared null and void.

After hearing testimony and reviewing the record of annexation filed pursuant to N.C. Gen. Stat. § 160A-50(c), the superior court entered an order containing 122 findings of fact and 26 conclusions of law. Based on those findings and conclusions, the court

> ORDERED pursuant to G.S. 160A-50(g)(2) that [the annexation ordinance] is remanded to the Mount Airy Board of Commissioners for amendment of the boundaries of the annexation area to conform to the requirement of G.S. 160A-48(c)(3) that 60 percent of the acreage in the urban portion which is not used for commercial, industrial, governmental or institutional purposes consist of parcels three acres or less in size. The Mount Airy Board of Commissioners shall amend the ordinance within 90 days following entry of this Order, otherwise the annexation ordinance shall be void. *The Mount Airy Board of Commissioners shall notify the court of the amendment of the ordinance and, upon receipt of such notification establishing that the ordinance complies with G.S. 160A-48(c)(3), final judgment shall be entered for the city and the petitioners' petition shall be dismissed.*

(Emphasis added.) Petitioners have appealed from this order of remand.

Since the question whether an appeal is interlocutory presents a jurisdictional issue, this Court has an obligation to address the issue *sua sponte* regardless whether it is raised by the parties. *Heritage Pointe Builders, Inc. v. N.C. Licensing Bd. of Gen. Contractors*, 120 N.C. App. 502, 504, 462 S.E.2d 696, 698 (1995), *disc. review denied*, 342 N.C. 655, 467 S.E.2d 712 (1996). Generally, an order "made during

the pendency of an action, which does not dispose of the case, but leaves it for further action," is interlocutory and not immediately appealable. *Veazey v. City of Durham*, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950).

The superior court's order expressly indicated that it was not a final judgment, but rather that the court was remanding the matter to the City's Board of Commissioners for further proceedings *before* entry of a final judgment. The order is, therefore, interlocutory. An interlocutory order may be immediately appealed in only two circumstances: (1) when the trial court, pursuant to N.C.R. Civ. P. 54(b), enters a final judgment as to one or more but fewer than all of the claims or parties and certifies that there is no just reason to delay the appeal; or (2) when the order deprives the appellant of a substantial right that would be lost absent appellate review prior to a final determination on the merits. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). Since Rule 54(b) does not apply in this case, the sole question before the Court is whether the superior court's order deprives petitioners of any substantial right.

The appellant has the burden of showing that a substantial right would be lost without immediate review. *Mills Pointe Homeowner's Ass'n v. Whitmire*, 146 N.C. App. 297, 299, 551 S.E.2d 924, 926 (2001). Further, under the North Carolina Rules of Appellate Procedure, the appellant is required to include in its brief "[a] statement of the grounds for appellate review," explaining the jurisdictional basis for review in this Court. N.C.R. App. P. 28(b)(4). When, as here, an appeal is interlocutory, "the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Id.*

In violation of this rule, petitioners' brief fails to include a statement of grounds for appellate review or any other explanation as to why an interlocutory appeal should be allowed. This Court has previously held: "It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order . . . ." *Jeffreys*, 115 N.C. App. at 380, 444 S.E.2d at 254. Nevertheless, we have reviewed the record and the briefs and can identify no substantial right that will be lost to petitioners absent an immediate appeal. Indeed, this Court has consistently held that an order by a superior court, sitting in an appellate capacity, that remands to a municipal body for additional proceedings is not imme-

IN RE A.L.A.

[175 N.C. App. 780 (2006)]

diately appealable. *See, e.g., Heritage Pointe Builders*, 120 N.C. App. at 504, 462 S.E.2d at 698 (1995) (appeal of superior court's remand to a licensing board for rehearing dismissed as interlocutory); *Jennewein v. City Council of the City of Wilmington*, 46 N.C. App. 324, 326, 264 S.E.2d 802, 803 (1980) (appeal of superior court's remand to a city council for a *de novo* hearing dismissed as interlocutory). Accordingly, petitioners' appeal is dismissed.

Appeal dismissed.

Judges WYNN and McGEE concur.