An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of A p p e l l a t e   P r o c e d u r e .

NO. COA14-4
NORTH CAROLINA COURT OF APPEALS

Filed: 17 June 2014

WISE RECYCLING, LLC,
    Petitioner,

v.                                      Johnston County
                                        No. 13 CVS 528

TOWN OF CLAYTON,
    Respondent.


Appeal by Respondent from Order entered 29 July 2013 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 21 May 2014.


> *Smith, Anderson, Blount, Dorsett, Mitchell & Jernigan, L.L.P., by Lacy H. Reaves and Tobias R. Coleman, for Petitioner.*

> *Parker Poe Adams & Bernstein LLP, by Charles C. Meeker and Katherine E. Ross, for Respondent.*


STEPHENS, Judge.


## Background

This case arises from Respondent Town of Clayton's issuance of a temporary use permit to Source Recycling. The permit allowed Source Recycling to make use of certain facilities at 317 Pony Farm Road in Clayton, North Carolina. On 17 September

2012, counsel for Petitioner Wise Recycling, LLC requested a written interpretation of the Town's Unified Development Ordinance, contending that Source Recycling was in violation of the permit. The Town's planning director responded on 21 September 2012, stating that the permit was properly issued and offering a legal basis for Source Recycling's continued operation on Pony Farm Road. Wise Recycling appealed that interpretation to the Town's Board of Adjustment on 5 October 2012.

The matter was heard before the Town's Board of Adjustment on 19 December 2012. Following the hearing, the Town voted to dismiss Wise Recycling's appeal "based on the facts that . . . Wise Recycling does not have a real affect [sic] to [its] property value and the fact that [its] property is not adjacent [to 317 Pony Farm Road]." In a written notice to Wise Recycling dated 24 January 2013, the Town advised Wise Recycling that its appeal of the planning director's interpretation was dismissed. On 15 February 2013, Wise Recycling petitioned the Johnston County Superior Court for review by way of a writ of *certiorari*. In support of its petition, Wise Recycling argued that it "has standing [because] its business was significantly and negatively impacted by Source [Recycling]'s illegal operation of a

competing business less than a mile from Wise [Recycling's p]roperty." The Superior Court granted Wise Recycling's petition on 15 February 2013 and ordered a hearing. In the interim, the Town filed a response to Wise Recycling's petition, moving to dismiss the writ on grounds that Wise Recycling "is not a person aggrieved [and] does not have an interest in the property affected nor can it show special damages."

The hearing occurred on 15 July 2013. After the parties' presentations, the trial court concluded that Wise Recycling had standing to appeal the planning director's interpretation, reversed the decision of the Board of Adjustment, and remanded for further proceedings. The trial court entered its written order on 29 July 2013. The Town appeals that decision.

*Discussion*

On appeal, the Town argues that Wise Recycling did not have standing to appeal the planning director's interpretation because it is not an aggrieved person under N.C. Gen. Stat. §§ 160A-388, 393 (2013). In support of its position, the Town asserts that Wise Recycling has offered no evidence of "special damages" and points out that Wise Recycling's property is almost one mile away from Source Recycling. The Town also asserts that standing should not be extended to a business competitor as a

matter of public policy. Although neither party questions the jurisdiction of this Court to review this matter, we must first determine whether this case is properly before us for appellate review. *Akers v. City of Mount Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006) ("[When faced with] a jurisdictional issue, this Court has an obligation to address the issue *sua sponte* regardless [of] whether it is raised by the parties."). Indeed, the Town asserts as grounds for appellate review that it "appeals as a matter of right . . . from the final judgment of a [s]uperior [c]ourt." This is incorrect.

As we stated in *Richmond County Board of Education v. Cowell*:

> The denial of a motion to dismiss is an interlocutory order which is not immediately appealable unless that denial affects a substantial right of the appellant. The appealing party bears the burden of demonstrating that the order from which he or she seeks to appeal is appealable despite its interlocutory nature. Thus, the extent to which an appellant is entitled to immediate interlocutory review of the merits of his or her claims depends upon his or her establishing that the trial court's order deprives the appellant of a right that will be jeopardized absent review prior to final judgment.
>
> . . . .
>
> A motion to dismiss a party's claim for lack of standing is tantamount to a motion to

dismiss for failure to state a claim upon which relief can be granted according to Rule 12(b)(6) of the North Carolina Rules of Civil Procedure. A trial court's denial of a Rule 12(b)(6) motion to dismiss generally does not affect a substantial right. Here, [the] defendants have failed to show how the trial court's denial of their motion to dismiss based upon lack of standing affects a substantial right. If a party attempts to appeal from an interlocutory order without showing that the order in question is immediately appealable, we are required to dismiss that party's appeal on jurisdictional grounds.

__ N.C. App. __, __, 739 S.E.2d 566, 568-69 (citations and internal quotation marks omitted), *disc. rev. denied*, __ N.C. __, 747 S.E.2d 553 (2013).

The only issue raised by the Town is standing.[1] On that issue, as noted above, the Town offers no rationale for its appeal from the trial court's interlocutory order, merely making the erroneous statement that it appeals from a final judgment as a matter of right. By denying the Town's motion to dismiss and

---

[1] In its reply brief, the Town responds to Wise Recycling's argument that this case is *not* moot by asserting that the case *is* moot because the temporary use permit has expired, but acknowledging that this Court may nonetheless consider the matter as "capable of repetition, yet evading review." Because we dismiss this appeal as interlocutory and "[s]ince the question [of] whether an appeal is interlocutory presents a jurisdictional issue," we lack jurisdiction to review either argument here. *See Akers*, 175 N.C. App. at 778, 625 S.E.2d at 146.

remanding the case to the Board of Adjustment, the trial court did not finally dispose of this case. Because the Town has not shown that the trial court's order affected a substantial right, we must dismiss this appeal as interlocutory. *See Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) ("It is not the duty of this Court to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.").

DISMISSED.

Judges STROUD and MCCULLOUGH concur.

Report per Rule 30(e).