BERGER, Judge.
The Cherry Community Organization ("Plaintiff") appeals from a May 26, 2016 order cancelling Plaintiff's lis pendens filed with respect to properties that are the subject of currently-ongoing litigation. Plaintiff also appeals from an order issued the same day denying Plaintiff's motion for a stay of the aforementioned order of cancellation.
Plaintiff, as appellant, has not met its burden of establishing this Court's jurisdiction. Plaintiff neither established that this was a final judgment, nor argued that the appealed orders deprived Plaintiff of a substantial right which, absent review prior to a final determination on the merits, would be jeopardized. Because Plaintiff has not established grounds for appellate review, we are without jurisdiction to rule on the merits of Plaintiff's arguments. We dismiss.
Factual & Procedural Background
This is the second time this matter is before this Court. We adopt in pertinent part the factual and procedural background from our earlier decision Cherry Community Organization v. Stonehunt, LLC , --- N.C. App. ----, 796 S.E.2d 65 (2016) (unpublished).
In the late 1970s, a group of residents in the Cherry Neighborhood south of downtown Charlotte, North Carolina, founded The Cherry Community Organization ("[P]laintiff"), in order to rehabilitate the neighborhood and enforce housing code regulations. With government funding, plaintiff purchased various houses from the City of Charlotte for approximately $1,400,000.00 and hired contractors to rehabilitate them. By 2004, plaintiff owned approximately seventy-four units of affordable housing and rented those units to more than sixty low-income tenants at below-market rates.
In October 2003, Stoney Sellars and Anthony Hunt formed StoneHunt, LLC ("[D]efendant").[1] On 28 December 2004, plaintiff and defendant signed a document ("the Letter of Agreement"), which [outlined the terms under which the parties would affect the transfer of the properties].
....
The same day, the parties signed under seal a document entitled "Agreement for Purchase and Sale of Real Property" (the "Agreement for Purchase"), through which defendant purchased ten parcels of real property consisting of approximately eight acres located in the Cherry Neighborhood.
....
Thereafter, Sellars signed and executed a promissory note (the "Note") dated 18 August 2005 in favor of plaintiff for the principal sum of $935,483.38; however, Sellars signed on behalf of StoneHunt Development, LLC, rather than on behalf of defendant. See supra note 1. The amount of $170,094.89 ($154,094.89 + $16,000.00 (deposit retained by plaintiff)) was also paid to plaintiff at that time. The Note stated,
It is understood and agreed that additional amounts may be advanced by the holder hereby as provided in the instruments, if any, securing this Note and such advances will be added to the principal of this Note and will accrue interest at the above specified rate of interest from the date of advance until paid. The principal and interest shall be due and payable as follows: One payment of all remaining principle [sic], interest and late fees, if any, due and payable on August 18, 2006.
...
This Note is to be governed and construed in accordance with the laws of the State of North Carolina. This Note is given in consideration for the balance of purchase money, and is secured by a Purchase Money Deed of Trust secured by various parcels described in said security instrument which is a 1st lien upon the property therein described.
At the closing, which occurred on or about 16 or 18 August 2005, plaintiff delivered a deed for plaintiff's land in which StoneHunt Development, LLC, not defendant StoneHunt, LLC, was mistakenly identified as the grantee ("the 2005 Deed").
At defendant's request, plaintiff executed and delivered a deed dated 29 June 2006, captioned "Correction Deed to Correct Name of Grantee," in which the name on the 2005 Deed was changed from StoneHunt Development, LLC to defendant StoneHunt, LLC ("the Correction Deed"). The Correction Deed also noted as follows: "NOTE: The original deed was recorded August 18, 2005 in Book 19220 at Page 219, indicating "Stonehunt Development, LLC" as Grantee. There is no Stonehunt Development, LLC and the Grantee in said prior deed should have read as shown herein below."
On 29 June 2006, defendant paid off the Note by check issued to plaintiff in the amount of $724,769.46, which included the notation "Loan Payoff." Plaintiff accepted the check. The deed of trust was re-recorded on 30 June 2006, with the following handwritten notation: "The Note secured by this deed of trust having been paid in full and satisfied the 29th day of June 2006 this D/T is hereby cancelled. The Cherry Community Organization, /s/ Phyllis Lynch, President."
On 10 September 2015, plaintiff filed its complaint, obtained a summons, and filed a notice of lis pendens concerning land owned by defendant. Plaintiff sought a partial rescission of two deeds (the 2005 Deed and the Correction Deed), specific performance of a written agreement for the development of affordable and disabled housing, and money damages, including the recovery of more than $200,000, which plaintiff contends is the remaining principal amount of the purchase price.
On 9 November 2015, defendant served a Rule 12(b)(6) motion to dismiss plaintiff's claims for breach of contract and unfair or deceptive trade practices ("UDTP") based on the statute of limitations. On 7 January 2016, plaintiff amended its complaint as of right. Thereafter, a hearing was held on defendant's motion to dismiss, and on 10 February 2016, the Honorable Hugh B. Lewis entered an order granting defendant's motion. Plaintiff appeal[ed]
Id. at ----, 796 S.E.2d at 1-3.
On March 15, 2016, while Plaintiff's appeal was pending, Defendant filed a Motion for Cancellation of Notice of Lis Pendens. On May 4, 2016, a hearing on the motion was held, and on May 13 the trial court notified the parties that it was granting the motion. Plaintiff immediately moved for a stay of the cancellation. On May 19, the trial court notified the parties that it was denying Plaintiff's motion for a stay. On May 26, the trial court entered two orders: the first granted Defendant's motion for the cancellation of the Notice of Lis Pendens and ordered the Mecklenburg County Clerk of Court to cancel the lis pendens ; the second denied Plaintiff's motion to stay the cancellation pending the resolution of its then-ongoing appeal. The following day, Plaintiff filed timely notice of appeal and it is this appeal of the trial court's two orders entered on May 26 that is addressed herein.
As noted above, Plaintiff had appealed the February 10, 2016 order granting Defendant's motion to dismiss. On December 30, 2016, this Court affirmed the parts of the order dismissing Plaintiff's claim for breach of contract with respect to payments made on August 18, 2005, and the subsequent cancellation of the deed of trust, because the trial court had correctly concluded that this claim was barred by the statute of limitations. Id. at ----, 796 S.E.2d at 9. This Court reversed the parts of the order dismissing Plaintiff's claim for breach arising out of Defendant's purported failure to build affordable and disabled housing, and Plaintiff's claim for Unfair and Deceptive Trade Practices. Id. Because of this Court's reversal of the trial court's dismissal, this dispute continues to be litigated in the trial division. Our decision changed the nature of this action from an appeal of final orders to an interlocutory appeal.
Analysis
"Since the question whether an appeal is interlocutory presents a jurisdictional issue, this Court has an obligation to address the issue sua sponte regardless whether it is raised by the parties." Akers v. City of Mount Airy , 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006) (citation omitted). "Generally, an order 'made during the pendency of an action, which does not dispose of the case, but leaves it for further action', is interlocutory and not immediately appealable." Id. at 778-79, 625 S.E.2d at 146 (citation omitted). "The appeals process is designed to eliminate the unnecessary delay and expense of repeated fragmentary appeals, and to present the whole case for determination in a single appeal from a final judgment." Stanford v. Paris , 364 N.C. 306, 311, 698 S.E.2d 37, 40 (2010) (citation and quotation marks omitted). Therefore, "interlocutory appeals are discouraged except in limited circumstances," Id. , and, "[a]s a general rule, there is no right of appeal from an interlocutory order." Larsen v. Black Diamond French Truffles, Inc. , --- N.C. App. ----, ----, 772 S.E.2d 93, 95 (2015).
However, a party may appeal an interlocutory order under two circumstances:
First, a party is permitted to appeal from an interlocutory order when the trial court enters a final judgment as to one or more but fewer than all of the claims or parties and the trial court certifies in the judgment that there is no just reason to delay the appeal. Second, a party is permitted to appeal from an interlocutory order when the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits.
Jeffreys v. Raleigh Oaks Joint Venture , 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (emphasis added) (internal citations and quotation marks omitted). Furthermore,
[u]nder either of these two circumstances, it is the appellant's burden to present appropriate grounds for this Court's acceptance of an interlocutory appeal. It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the burden of showing this Court that the order deprives the appellant of a substantial right.
Larsen , at ----, 772 S.E.2d at 95 (internal quotation marks and brackets omitted).
As stated above, this case continues presently in the trial division of our courts. The orders from which the Plaintiff appeals are now made during the pendency of this action, do not dispose of this case, and future action may be taken on this case which may result in a third appeal to this Court. Therefore, these orders are interlocutory.
In the alternative, Plaintiff could have argued that the appealed order "deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits," which may have potentially conferred jurisdiction upon this Court allowing appellate review. Jeffreys , at 379, 444 S.E.2d at 253. "[W]hen an appeal is interlocutory, the appellant must include in its statement of grounds for appellate review 'sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right.' " Johnson v. Lucas , 168 N.C. App. 515, 518, 608 S.E.2d 336, 338 (quoting N.C.R. App. P. 28(b)(4) ), aff'd per curium , 360 N.C. 53, 619 S.E.2d 502 (2005). Plaintiff did not address in its brief any "substantial right which would be jeopardized absent review prior to a final determination on the merits." Jeffreys , at 379, 444 S.E.2d at 253. Furthermore, when questioned during oral arguments before this Court on its grounds for appellate review, Plaintiff's counsel was unable to articulate any convincing justification for our appellate jurisdiction.
For the appeal of an interlocutory order, it is the appellant's burden to establish grounds for appellate review. See, e.g., Fagundes v. Ammons Development Group, Inc. , ___ N.C. App. ___, 791 S.E.2d 876 (2016) (unpublished) (where plaintiff improperly asserted that a trial court's interlocutory order was immediately appealable as a "final judgment" pursuant to N.C. Gen. Stat. § 7A-27(b), and did not assert in his brief that the order affected a substantial right that would be lost absent immediate appeal, this Court was without jurisdiction and was compelled to dismiss). We see no reason to convert the appeal to a petition for writ of certiorari to address this issue at this stage of the litigation. N.C.R. App. P. 2. Accordingly, Plaintiff's appeal is dismissed.
Conclusion
As Plaintiff had the burden of establishing that the interlocutory orders challenged in this appeal affected a substantial right, and failed to assert that either order affected a substantial right, appellate jurisdiction is not conferred upon this Court. Furthermore, we deny Plaintiff's petition for writ of certiorari. Therefore, we are without authority to rule on Plaintiff's appeal and must dismiss without prejudice.
DISMISSED.
Report per Rule 30(e).
Judges CALABRIA and HUNTER, JR. concur.

StoneHunt, LLC, the defendant in this matter, is not to be confused with StoneHunt Development, LLC, a non-existent entity.