IN THE COURT OF APPEALS OF NORTH CAROLINA

2023-NCCOA-3

No. COA22-463

Filed 17 January 2023

Mecklenburg County, No. 20-CVS-10754

SR AUTO TRANSPORT, INC., Plaintiff,

v.

ADAM'S AUTO GROUP, INC. AND ALI DARWICH, Defendants/Third-Party Plaintiffs,


v.

ALFIDA ANTONIA RODRIGUEZ, DARIANA SAMALOT, SORANA RUIZ, LUIS GUILLERMO MARTINEZ, JORGE LUIS MARTINEZ, LUIS HERMINIO MARTINEZ, and SAGA AUTO SALES, INC., Third-Party Defendants.

Appeal by Defendants from Order entered 29 November 2021 by Judge Donnie Hoover in Mecklenburg County Superior Court. Heard in the Court of Appeals 19 October 2022.

*James, McElroy, & Diehl, P.A. by Preston O. Odom, III, J. Alexander Heroy, and Alexandra B. Bachman, for plaintiff-appellee SR Auto Transport, Inc. and third-party defendants-appellees Dariana Samalot, Sorana Ruiz, Luis Guillermo Martinez, Jorge Luis Martinez, and Saga Auto Sales, Inc.*

*Alexander Ricks PLLC, by Nathan A. White and John (Jack) Spencer, for defendants-appellants Adam's Auto, Inc. and Ali Darwich.*

*DeVore, Acton, & Stafford, P.A., by Derek P. Adler, for third-party defendants-appellees Alfida Antonia Rodriguez and Luis Herminio Martinez.*

HAMPSON, Judge.

## **Factual and Procedural Background**

¶ 1      Adam's Auto Group, Inc. and Ali Darwich (collectively, Defendants) appeal from an Order entered 29 November 2021 dismissing Defendants' third-party claims against Dariana Samalot, Sorana Ruiz, Luis Guillermo Martinez, Jorge Luis Martinez, Saga Auto Sales, Inc., Alfida Antonia Rodriguez, and Luis Herminio Martinez (collectively, Third-Party Defendants) pursuant to Rules 12(b)(6) and 14(a) of the North Carolina Rules of Civil Procedure.  SR Auto Transport, Inc. (Plaintiff) along with Third-Party Defendants have filed Motions to Dismiss Defendants' Appeal in this Court arguing the trial court's Order dismissing the third-party claims is interlocutory and Defendants have not shown a right to an immediate appeal.  The Motions to Dismiss Appeal were referred to this panel for decision.  For the reasons that follow, we allow the Motions to Dismiss Appeal.  The Record before us tends to reflect the following:

¶ 2      On 11 August 2020, Plaintiff filed a Complaint and Motion for Injunctive Relief alleging, among numerous claims, Defendants had breached an agreement with Plaintiff regarding the purchase of a Ferrari Spider.  The Record does not include Defendants' initial responsive pleading; however, it appears Defendants filed an Answer which included third-party claims and named the Third-Party Defendants. The Record does reflect Third-Party Defendants filed Motions to Dismiss a Third-Party Complaint.  It further appears Defendants then filed a Motion for Leave to

Amend their initial responsive pleading and third-party complaint. On 12 July 2021, the parties filed what they termed a "Consent Stipulation Regarding Defendants' Motion to Amend and Third-Party Defendants' Motions to Dismiss." In this filing, the parties stipulated that Defendants would be permitted to amend their responsive pleading and that the Third-Party Defendants' previously filed Motions to Dismiss would constitute valid responsive pleadings to the Amended Answer, Counterclaims, and Third-Party Complaint.

¶ 3 The same day, 12 July 2021, Defendants filed their Amended Answer, Counterclaims, and Third-Party Complaint. The Amended Answer, Counterclaims, and Third-Party Complaint asserted counterclaims against Plaintiff and third-party claims against Third-Party Defendants for fraud and civil conspiracy to commit fraud. Additionally, the amended pleading also asserted additional third-party claims for conversion, as well as seeking punitive damages against Third-Party Defendants. The counterclaims and third-party claims related to several transactions not alleged in Plaintiff's Complaint and included allegations Third-Party Defendants had provided over $200,000 in worthless checks to Defendants and owed Defendants other debts related to a Lamborghini and a Land Rover.

¶ 4 On 2 August 2021, the trial court heard and orally granted the Third-Party Defendants' Motions to Dismiss. On 14 September 2021—before the trial court's written Order was entered—Defendants filed a Motion Requesting Certification that

the Court's Order Dismissing Defendants' Claims Against Third-Party Defendants is Final pursuant to Rule 54(b) of the North Carolina Rules of Civil Procedure.

¶ 5　　On 22 November 2021, the trial court heard the Motion to Certify its Order dismissing the claims against Third-Party Defendants for immediate appeal. The trial court declined to certify the yet-to-be filed Order dismissing the third-party claims for immediate appeal pursuant to Rule 54(b). On 24 November 2021, the trial court entered an Order granting Third-Party Defendants' Motions to Dismiss, dismissing all claims against Third-Party Defendants pursuant to Rules 12(b)(6) and 14(a) of the North Carolina Rules of Civil Procedure on the basis the third-party claims constituted improper third-party practice. Specifically, the trial court dismissed the third-party claims without prejudice to Defendants filing a separate action against any or all Third-Party Defendants, asserting the same claims. The Order did not address the status of Defendants' counterclaims against Plaintiff. On 22 December 2021, Defendants filed written Notice of Appeal from the Order dismissing the third-party claims.

## **Appellate Jurisdiction**

¶ 6　　On 14 June 2022, Plaintiff and Third-Party Defendants filed Motions to Dismiss the Appeal for lack of appellate jurisdiction, contending the trial court's Order was not a final order or judgment, but rather an interlocutory order and not subject to immediate appeal. On 24 June 2022, Defendants responded to these

Motions, arguing the Order is final as to Third-Party Defendants and the "Order impairs [Defendants'] substantial right to have this common issue of fact heard in the same forum." Thus, Defendants submit the Order is subject to immediate appellate review.

¶ 7        As a general matter, with certain exceptions not applicable here: "appeal lies of right directly to the Court of Appeals . . . [f]rom any final judgment of a superior court." N.C. Gen. Stat. § 7A-27(b)(1) (2021). An appeal may also be taken to this Court from "any interlocutory order or judgment of a superior court or district court in a civil action or proceeding that . . . [a]ffects a substantial right." N.C. Gen. Stat. § 7A-27(b)(2) (2021). "A final judgment is one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." *Veazey v. Durham*, 231 N.C. 354, 361-62, 57 S.E.2d 377, 381 (1950). On the other hand, "an interlocutory order is one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Id.*

¶ 8        Here, Defendants seek an immediate appeal of the Order granting Third-Party Defendants' Motions to Dismiss. "An order granting a motion to dismiss certain claims in an action, leaving other claims to go forward, is an interlocutory order." *Mills Pointe Homeowner's Ass'n v. Whitmire*, 146 N.C. App. 297, 298, 551 S.E.2d 924, 926 (2001). In the case *sub judice*, the trial court's Order left Plaintiff's claims against

Defendants, as well as Defendants' counterclaims against Plaintiff, to go forward. As such, the trial court's Order is interlocutory.

¶ 9 Generally, there is no right to appeal from an interlocutory order. *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). "However, immediate appeal of interlocutory orders and judgments is available in at least two instances: when the trial court certifies, pursuant to N.C.G.S. § 1A-1, Rule 54(b), that there is no just reason for delay of the appeal; and when the interlocutory order affects a substantial right under N.C.G.S. §§ 1-277(a) and 7A-27(d)(1)." *Turner v. Hammocks Beach Corp.*, 363 N.C. 555, 558 681 S.E.2d 770, 773 (2009) (citation and quotation marks omitted). "It is appellant's burden to present appropriate grounds for . . . acceptance of an interlocutory appeal . . . ." *Hanesbrands, Inc. v. Fowler*, 369 N.C. 216, 218, 794 S.E.2d 497, 499 (2016) (citation and quotation marks omitted).

¶ 10 Here, the trial court declined to certify the Order pursuant to Rule 54(b). Defendants contend this decision was error. This Court has, however, previously observed:

> Although a trial court's decision to grant a Rule 54(b) certification is not binding on our Court and is fully reviewable on appeal, *Giles v. First Virginia Credit Services, Inc.*, 149 N.C. App. 89, 94-95, 560 S.E.2d 557, 561 (2002), a trial court's *denial* of a motion for a Rule 54(b) certification has not previously been directly reviewed by our Court in that our rules do not provide an appellant with relief from the denial of a motion for a Rule 54(b) certification. Rather, the proper methods for appealing an underlying interlocutory

> order affects a substantial right, or to petition our Court for a writ
> of certiorari pursuant to N.C.R. App. P. 21(b).

*Van Engen v. Que Scientific, Inc.*, 151 N.C. App. 683, 686-87, 567 S.E.2d 179, 182 (2002) (emphasis added). Defendants did not petition our Court for a Writ of Certiorari pursuant to Rule 21 of the North Carolina Rules of Appellate Procedure.[1]

¶ 11    In the absence of a valid Rule 54(b) certification or Petition for Writ of Certiorari, Defendants must, therefore, demonstrate the trial court's Order affects a substantial right in order to establish a right of immediate appeal. Rule 28(b)(4) of the North Carolina Rules of Appellate Procedure expressly requires an appellant to include a statement of grounds for appellate review. N.C.R. App. P. 28(b)(4). "When an appeal is interlocutory, the statement must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." *Id.* Here, Defendants' principal brief contains no facts or argument to support appellate review on the ground the challenged order affects a substantial right. Instead, Defendants contend in conclusory fashion that the Order was final as to their third-party claims or was otherwise appealable as an interlocutory order. It is true, "[o]ur Supreme Court has held that noncompliance with 'nonjurisdictional' rules such as Rule 28(b) 'normally should not lead to dismissal

---

[1] At oral argument, Defendants requested we treat this appeal as a Petition for Writ of Certiorari. Defendants have not filed a Petition for Writ of Certiorari with this Court, and we decline to invoke N.C.R. App. P. 2 and waive the requirements of N.C.R. App. P. 21.

of the appeal.'" *Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 77-78, 772 S.E.2d 93, 95-96 (2015) (quoting *Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., Inc.*, 362 N.C. 191, 198, 657 S.E.2d 361, 365 (2008)).

¶ 12    "However, when an appeal is interlocutory, Rule 28(b)(4) is not a 'nonjurisdictional' rule. Rather, the *only way* an appellant may establish appellate jurisdiction in an interlocutory case, absent Rule 54(b) certification, is by showing grounds for appellate review based on the order affecting a substantial right." *Id.* As such, Defendants' failure to comply with Rule 28(b)(4) in this case subjects their appeal to dismissal.

¶ 13    Having failed to establish any right to an immediate appeal in their principal brief, Defendants did file a reply brief in which they summarily contend the trial court's Order affects a substantial right. Defendants' reply brief purports to incorporate their arguments advanced in their response to the Motions to Dismiss Appeal. It is well-established in this Court, however, that "[w]e will not allow Defendants to use their reply brief to independently establish grounds for appellate review." *Id.* at 78, 772 S.E.2d at 96.

¶ 14    Nevertheless, presuming without deciding, Defendants properly raised the allegation of a substantial right deprivation in their response to Plaintiff's and Third-Party Defendants' Motions to Dismiss the Appeal, Defendants have not met their

burden of demonstrating the Order deprives them of a substantial right.[2] "Whether an interlocutory appeal affects a substantial right is determined on a case by case basis." *McConnell v. McConnell*, 151 N.C. App. 622, 625, 566 S.E.2d 801, 803 (2002) (citation omitted).

¶ 15 "In order to determine whether a particular interlocutory order is appealable pursuant to N.C. Gen. Stat. §§ 1-277(a) and 7A-27(d)(1), we utilize a two-part test, with the first inquiry being whether a substantial right is affected by the challenged order and the second being whether this substantial right might be lost, prejudiced, or inadequately preserved in the absence of an immediate appeal." *Hamilton v. Mortg. Info. Servs., Inc.*, 212 N.C. App. 73, 78, 711 S.E.2d 185, 189 (2011). "A substantial right is one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000) (citation and quotation marks omitted).

¶ 16 Defendants contend the trial court's Order affects a substantial right because the trial court's dismissal without prejudice of the third-party claims may lead to inconsistent verdicts. Indeed, "[a] party has a substantial right to avoid two trials on the same facts in different forums where the results would conflict." *Clements v.*

---

[2] We observe that both the Motions to Dismiss Appeal and Defendants' Responses were filed before Defendants' principal brief was filed with this Court.

*Clements*, 219 N.C. App. 581, 585, 725 S.E.2d 373, 376 (2012) (citing *Hamby v. Profile Prods., L.L.C.*, 361 N.C. 630, 639, 652 S.E.2d 231, 237 (2007)). "Where a party is appealing an interlocutory order to avoid two trials, the party must 'show that (1) the same factual issues would be present in both trials and (2) the possibility of inconsistent verdicts on those issues exists.'" *Id.* (quoting *N.C. Dep't. of Transp. v. Page*, 119 N.C. App. 730, 736, 460 S.E.2d 332, 335 (1995)).

¶ 17        In the case *sub judice*, Defendants have not demonstrated the same factual issues in the various claims alleged by Plaintiff against Defendants would be present in a separate trial litigating the Defendants' fraud, civil conspiracy to commit fraud, and conversion claims against Third-Party Defendants, which arise from different factual allegations than those made by Plaintiff. Further, Defendants have also not demonstrated the possibility of inconsistent verdicts arising from the factual allegations made in their third-party claims involving a completely different set of transactions and different parties than the transaction alleged in Plaintiff's Complaint.

¶ 18        Moreover, to the extent Defendants are entitled to any set-off or recovery arising from their pending counterclaims against Plaintiff, that too may be litigated in the underlying case and would not necessarily be inconsistent with any verdict in a separate action against Third-Party Defendants. At this preliminary stage of litigation, we simply conclude Defendants have not adequately demonstrated the

possibility that inconsistent verdicts exist for these separate issues against different parties justifying immediate review. Thus, Defendants' appeal in this case is interlocutory, and Defendant has not demonstrated any substantial right would be lost absent immediate appeal. Therefore, we are without jurisdiction to review this matter on immediate appeal. Consequently, we must dismiss Defendants' appeal.

## Conclusion

Accordingly, for the foregoing reasons, we allow Plaintiff's and Third-Party Defendants' Motions to Dismiss this appeal as interlocutory.

APPEAL DISMISSED.

Judges TYSON and ZACHARY concur.