PAUL R. JENNEWEIN AND WIFE, VIRGINIA N. JENNEWEIN, PETITIONERS v. THE CITY COUNCIL OF THE CITY OF WILMINGTON, NORTH CAROLINA, BEN B. HALTERMAN, MAYOR, J. D. CAUSEY, JOSEPH DUNN, MARGARET F. FONVIELLE, RALPH W. ROPER, WILLIAM SCHWARTZ, AND J. RUPERT BRYAN, COUNCILPERSONS, RESPONDENTS

No. 795SC926

(Filed 15 April 1980)

**Appeal and Error § 6.2— application for special use permit—remand for hearing de novo—nonappealable order**

An order remanding the case to the Wilmington City Council for a hearing de novo upon petitioners' application for a special use permit was a nonappealable interlocutory order.

APPEAL by petitioners and respondents from *Reid, Judge.* Order entered 23 May 1979 in Superior Court, NEW HANOVER County. Heard in the Court of Appeals 26 March 1980.

By amendment to its zoning ordinance adopted 22 November 1972, the Wilmington City Council created a Historic District Zone within the city. Petitioners are owners of a house and lot located within that zone. On 20 July 1977 petitioners initiated a request for a Special Use Permit to allow them to use a portion of their house for an antique shop. After the Historic District Commission, the Planning Commission, and the professional planning staff of the city had each given a favorable recommendation to petitioners' request, the Wilmington City Council held an evidentiary hearing on 22 August 1978 at which witnesses testified in favor of and in opposition to the request. No decision either to grant or to refuse the request was made at the 22 August 1978

meeting. At a meeting held 26 September 1978 the Council voted to deny petitioners' application for a Special Use Permit.

On 26 October 1978 petitioners filed the present proceeding in the Superior Court to obtain review of the Council's action and to obtain an order directing issuance of the permit. The respondents, who are the Wilmington City Council, filed answer opposing the petition and seeking an injunction enjoining petitioners from the further operation of an antique shop on their premises.

After a hearing in the Superior Court, the Court entered an order finding, among other facts, that the member of the City Council who made the motion to deny petitioners' application had not been present at the evidentiary hearing previously conducted by the City Council and that such council member was thereby deprived of the opportunity to observe the demeanor of witnesses and to judge their reliability from personal observation. The Court also found from a review of the record that insufficient evidence had been presented at the evidentiary hearing before the Council to support its conclusions that an antique shop would substantially injure the value of adjoining or abutting property and would not be in harmony with the area. The court concluded that the City Council in exercising quasi-judicial powers was required to adhere to higher standards than in exercising its legislative functions, that the absence of the Council member who made the motion to deny petitioners' request from the evidentiary hearing held to determine whether the request should be granted violated fundamental concepts of due process, and that for this reason and because of the failure of the record to disclose competent evidence sufficient to support the City Council's findings of fact, there must be a hearing de novo upon petitioners' application for a Special Use Permit. Accordingly, the court ordered the case remanded to the Wilmington City Council for a hearing de novo upon petitioners' application.

The court subsequently incorporated into its order, as additional findings of fact, findings that petitioners had commenced use of their property for the retail sale of antiques on 13 November 1972, at which time the property was zoned R-3; that under the zoning ordinance in effect on 13 November 1972 the use of property for retail sales was prohibited in an R-3 district; and

that on 22 November 1972 petitioners' property was rezoned from R-3 to Historic District zoning. As additional conclusions of law, the court concluded that petitioners' use of their property on 22 Novmeber 1972 was already in violation of the then existing Zoning Ordinance in that the property was used for retail sales in an R-3 district, and that because there was such a violation at the time of the amendment on 22 November 1972, petitioners did not and do not have a permitted nonconforming use. The court did not amend the portion of its order by which it had remanded the case to the City Council for a de novo hearing.

From the order remanding the case for a de novo hearing, both petitioners and respondents appealed.

*Brown & Culbreth by Stephen E. Culbreth for petitioners appellants-appellees.*

*John C. Wessell III, Assistant City Attorney, for respondents appellants-appellees.*

PARKER, Judge.

The order from which both petitioners and respondents have attempted to appeal is interlocutory. An appeal does not lie from an interlocutory order unless it affects some substantial right of the appellant and will work an injury to him if not corrected before an appeal from the final judgment. *Industries, Inc. v. Insurance Co.,* 296 N.C. 486, 251 S.E. 2d 443 (1979); *Veazey v. Durham,* 231 N.C. 357, 57 S.E. 2d 377 (1950); *Leak v. Covington,* 95 N.C. 193 (1886); *Auction Co. v. Myers,* 40 N.C. App. 570, 253 S.E. 2d 362 (1979). The order in the present case remanded the case to the city council for hearing de novo. It did not affect a substantial right of either party which cannot be corrected upon appeal from final judgment without either party suffering injury in the meantime.

The attempted appeals are premature and are

Dismissed.

Chief Judge MORRIS and Judge WELLS concur.