HAMPSON, Judge.
 

 *271
 
 Hubrich Contracting, Inc. (Respondent) appeals from an Order reversing the decision of the Durham City-County Board of Adjustment (BOA) to grant a Minor Special-Use Permit (Permit) to Respondent. We, however, determine the Order that Respondent appeals from is an interlocutory order that does not affect a substantial right of Respondent. Therefore, we dismiss this appeal.
 

 Factual and Procedural Background
 

 On 7 November 2016, Respondent commenced this proceeding by filing an application for the Permit with the Durham City-County
 
 *272
 
 Planning Department, which Permit would allow Respondent to construct a middle school on certain property in Durham County. Following a hearing before the BOA on 28 February 2017, the BOA issued an order granting the Permit on 28 March 2017. On 25 April 2017, Rhonda Coates, Timothy Ellis, Patrick and Marie Mahoney, Kenneth Price, Bryan and Angela Sarvis, James Ventrilla, and James Wolak (Petitioners) petitioned the Durham County Superior Court for review by way of a writ of
 
 certiorari
 
 . The Durham County Superior Court granted Petitioners' petition on 25 April 2017 and ordered a hearing.
 

 The hearing occurred on 11 September 2017, and after the hearing concluded, the presiding judge took the matter under advisement. On 28 August 2018, the trial court entered its Final Order and Judgment (Order). In its Order, the trial court reversed the BOA's decision to grant the Permit to Respondent and remanded the matter to the BOA with instructions to,
 
 inter alia
 
 , reopen the public hearing on Respondent's application for the Permit. Respondent appeals from this Order.
 

 Jurisdiction
 

 Although neither party raises this issue, we must address whether this appeal is properly before this Court.
 
 See
 

 Akers v. City of Mount Airy
 
 ,
 
 175 N.C. App. 777
 
 , 778,
 
 625 S.E.2d 145
 
 , 146 (2006) ("[When faced with] a jurisdictional issue, this Court has an obligation to address the issue
 
 sua sponte
 
 regardless [of] whether it is raised by the parties." (citation omitted)). Indeed, Respondent contends as grounds for appellate review that the Order "is a final judgment ... and therefore is appealable to the Court of Appeals pursuant to N.C. Gen. Stat. § 7A-27(b)." We disagree.
 

 "An interlocutory order ... is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy."
 
 Cagle v. Teachy
 
 ,
 
 111 N.C. App. 244
 
 , 247,
 
 431 S.E.2d 801
 
 , 803 (1993) (citation omitted).
 

 [T]his Court has consistently held that an order by a superior court, sitting in an appellate capacity, that remands to a municipal body for additional proceedings is not immediately appealable.
 
 See, e.g.
 
 ,
 
 Heritage Pointe Builders[ v. N.C. Licensing Bd. of General Contractors]
 
 , 120 N.C. App. [502,] 504, 462 S.E.2d [696,] 698 (1995) (appeal of superior court's remand to a licensing board for rehearing dismissed as interlocutory);
 

 *273
 

 Jennewein v. City Council of the City of Wilmington
 
 ,
 
 46 N.C. App. 324
 
 , 326,
 
 264 S.E.2d 802
 
 , 803 (1980) (appeal of superior court's remand to a city council
 
 *394
 
 for a
 
 de novo
 
 hearing dismissed as interlocutory).
 

 Akers
 
 ,
 
 175 N.C. App. at 779-80
 
 ,
 
 625 S.E.2d at 146-47
 
 (appeal of superior court's remand to a board of commissioners for further proceedings dismissed as interlocutory).
 

 Here, Respondent appeals from an Order reversing the BOA's decision to grant Respondent the Permit. In its Order, the trial court instructs the BOA to reopen the public hearing on Respondent's application for the Permit after following certain notice procedures and orders the BOA to conduct a new hearing on Respondent's application. Because this Order "remands to a municipal body for additional proceedings[,]" this appeal is interlocutory.
 
 See
 
 id.
 

 (citations omitted).
 

 A party may appeal an interlocutory order if either: (1) the trial court certifies there is no just reason to delay appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b) or (2) if delaying the appeal would affect a substantial right.
 
 Jeffreys v. Raleigh Oaks Joint Venture
 
 ,
 
 115 N.C. App. 377
 
 , 379,
 
 444 S.E.2d 252
 
 , 253 (1994) (citations omitted). Here, the trial court's Order does not contain a Rule 54(b) certification; therefore, we consider whether the Order affects a substantial right of Respondent.
 

 A substantial right has consistently been defined as "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which one is entitled to have preserved and protected by law: a material right."
 
 Gilbert v. N.C. State Bar
 
 ,
 
 363 N.C. 70
 
 , 75,
 
 678 S.E.2d 602
 
 , 605 (2009) (citation, quotation marks, and brackets omitted). The burden is on the appellant to establish that "the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits."
 
 Jeffreys
 
 ,
 
 115 N.C. App. at 379
 
 ,
 
 444 S.E.2d at 253
 
 (citation and quotation marks omitted). Further, "[i]t is not the duty of this Court to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order[.]"
 

 Id.
 

 at 380
 
 ,
 
 444 S.E.2d at 254
 
 (citations omitted).
 

 As discussed
 
 supra
 
 , Respondent's appeal is interlocutory, and in its brief, Respondent offers no substantial right that would be affected absent a review prior to a final determination on the merits. However, Rule 28(b)(4) of our Rules of Appellate Procedure requires that "[w]hen an appeal is interlocutory, the statement [of the grounds for appellate review in the appellant's brief] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C.R. App. P. 28(b)(4). Our Court has noted
 
 *274
 
 that in the context of interlocutory appeals, a violation of Rule 28(b)(4) is jurisdictional and requires dismissal.
 
 See
 

 Larsen v. Black Diamond French Truffles, Inc.
 
 ,
 
 241 N.C. App. 74
 
 , 77-78,
 
 772 S.E.2d 93
 
 , 96 (2015) ("[W]hen an appeal is interlocutory, Rule 28(b)(4) is not a 'nonjurisdictional' rule. Rather, the
 
 only way
 
 an appellant may establish appellate jurisdiction in an interlocutory case (absent rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right.").
 

 At oral argument, when confronted with the possibility that this Order was interlocutory, Respondent offered two arguments in support of finding a substantial right. Respondent first contended that "it [was] simply a matter of time" that would be lost if its appeal was dismissed. However, our Court has recognized that "avoidance of a rehearing or trial is not a 'substantial right' entitling a party to an immediate appeal."
 
 Blackwelder v. Dept. of Human Resources
 
 ,
 
 60 N.C. App. 331
 
 , 335,
 
 299 S.E.2d 777
 
 , 780 (1983) (citation omitted).
 

 Respondent next asserted that
 
 PHG Asheville, LLC v. City of Asheville
 
 , --- N.C. App. ----,
 
 822 S.E.2d 79
 
 (2018), requires us to address the merits of this appeal because, according to Respondent, that case involved an appeal from a superior court order reversing a city council's decision to deny the petitioner's application for a conditional-use permit and our Court reached the merits of the appeal. However, Respondent overlooks a crucial distinction between
 
 PHG Asheville, LLC
 
 and the case
 
 sub judice
 
 . In
 
 PHG Asheville, LLC
 
 , the City of Asheville appealed the superior court's order "conclud[ing] the
 
 *395
 
 [c]ity's decision to deny [p]etitioner a [conditional-use permit] was arbitrary and capricious, and [the superior court] reversed and remanded the matter with
 
 an order to the [c]ity [c]ouncil to grant [p]etitioner's requested [conditional-use permit.]
 
 "
 

 Id.
 

 at ----,
 
 822 S.E.2d at 83
 
 (emphasis added). Therefore, the superior court's order in
 
 PHG Asheville, LLC
 
 was a final order because it directed the city council to grant the conditional-use permit, which "[left] nothing to be judicially determined between [the parties] in the [quasi-judicial proceeding]."
 
 See
 

 Veazey v. Durham
 
 ,
 
 231 N.C. 357
 
 , 361-62,
 
 57 S.E.2d 377
 
 , 381 (1950) (citations omitted). Here, the trial court's Order did not direct the BOA to either grant or deny Petitioner's application for the Permit; therefore,
 
 PHG Asheville, LLC
 
 is inapplicable.
 

 Consequently, because the trial court's Order reversed the BOA's grant of the Permit and remanded the case to the BOA for further proceedings, this appeal is interlocutory. Further, Respondent has failed to show that a substantial right would be lost absent appeal. Therefore, we
 
 *275
 
 must dismiss this appeal.
 
 See
 

 Akers
 
 ,
 
 175 N.C. App. at 779-80
 
 ,
 
 625 S.E.2d at 146-47
 
 (citations omitted).
 

 Conclusion
 

 Accordingly, for the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.
 

 APPEAL DISMISSED.
 

 Judges STROUD and YOUNG concur.