An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

IN THE COURT OF APPEALS OF NORTH CAROLINA

No. COA 25-503

Filed 18 February 2026

New Hanover County, No. 22CVS003443-640

MIDDLE SOUND LOOKOUT, AN UNINCORPORATED COMMUNITY ASSOCIATION, Plaintiff.

v.

NEW HANOVER COUNTY, and SP3, LLC, A NORTH CAROLINA LIMITED LIABILITY COMPANY, Defendants.

Appeal by Defendant SP3, LLC from Order entered 31 October 2024 by Judge Ricardo Jensen in New Hanover County Superior Court. Heard in the Court of Appeals 18 November 2025.

*Law Office of Susan M. Keelin, PLLC, by Susan M. Keelin, for Plaintiff-Appellee.*

*Law Offices of G. Grady Richardson, Jr., P.C., by Susan Groves Renton and G. Grady Richardson, for Defendant-Appellant SP3, LLC.*

*No brief filed for Defendant-Appellee New Hanover County.*

HAMPSON, Judge.

## **Factual and Procedural Background**

SP3, LLC (Defendant) appeals from an Order remanding to the New Hanover

County Board of Adjustment (BOA) an order of the BOA that dismissed Plaintiff Middle Sound Lookout's appeal of an administrative decision. We, however, determine the Order that Defendant appeals from is an interlocutory order that does not affect a substantial right of Defendant. Therefore, we dismiss this appeal. The Record before us tends to reflect the following:

In February 2005, the New Hanover County Board of Commissioners granted a Special Use Permit (Permit) to Defendant's predecessor-in-interest for the development of an "indoor/outdoor recreation establishment and children's day care" on real property located at 3102 Middle Sound Loop Road in Wilmington. The approved site plan included a rectangular area labeled "Future Development," for which no use was proposed by the landowner or approved in the Permit.

In February 2017, Ben Andrea, a Supervisor with the New Hanover County Planning & Land Use Department (the Planning Department), emailed Defendant's representative, Scott Stewart, to approve Defendant's request to build an indoor swimming pool building on the Future Development area (the 2017 Administrative Decision). Andrea stated the proposed indoor pool project constituted a "minor modification" and "minor change" to the Permit, and as such, "doesn't require going back through the public hearing process."

Plaintiff Middle Sound Lookout is an unincorporated community association whose membership is comprised of property owners in the Middle Sound Loop neighborhood. Defendant's property at issue in this appeal is located in this

neighborhood. In April 2022, Henry Depew, a purported member of Plaintiff's organization, having apparently noticed new construction activity on Defendant's property, contacted Rebekah Roth, Director of the Planning Department, to inquire about whether the new development may exceed the scope of Defendant's Permit. After researching the issue, Roth informed Depew about the 2017 Administrative Decision approving Defendant's indoor pool project as a "minor change." Roth told Depew the 2017 Administrative Decision could be appealed to the BOA "by parties with standing within 30 days of constructive notice of the determination," and provided a link to the appeal form.

On 13 July 2022, Depew timely submitted an Appeal of Administrative Decision Application form to New Hanover County. Depew listed his own name in the form's "Applicant/Agent Name" box, and "Middle Sound Lookout" in the "Company" box. In the "Appeal Narrative" section of the form, Depew stated, in relevant part: "Middle Sound Lookout would like to formally appeal" the 2017 Administrative Decision granting approval for Defendant to "add[  ] another building as a minor change." The BOA scheduled a hearing for 23 August 2022.

On 19 August 2022, Depew emailed County officials to inform them he had contracted COVID-19 and was ill. Depew stated that, pursuant to CDC guidelines, he should not attend the 23 August hearing and requested it be continued.

At the 23 August hearing, the BOA voted to deny Depew's request for a continuance. Depew was not present at the hearing.

The BOA then raised the issue of standing to appeal the 2017 Administrative Decision. BOA Chairman Cameron Moore indicated Depew filed the appeal "on behalf of Middle Sound Lookout." BOA members speculated as to "who or what [Middle Sound Lookout] is[.]" BOA attorney Delores Williams opined Plaintiff "would have standing if there was a member here [at the hearing.]" Williams asked the hearing attendees whether anyone was present from "the Lookout," said "Oh, there's people" and added "they could come up and testify." Defendant's attorney, who was present at the hearing, objected to allowing other hearing attendees to testify, arguing, "they haven't appealed it. Only Mr. Depew's appealed it."

The BOA ultimately decided Depew, not Plaintiff, was the appeal applicant and that Depew lacked standing to appeal.[1] Thereafter, the BOA voted unanimously to deny the appeal based on a lack of standing. The BOA entered a written order dismissing the appeal on 6 September 2022.

On 6 October 2022, Plaintiff filed a Petition for Writ of Certiorari in the trial court requesting judicial review of the BOA order dismissing its appeal. The Writ was issued the same day.

The trial court held a hearing on 10 October 2024. In its Order entered 31 October 2024, the trial court concluded Plaintiff was the "proper applicant of the appeal" to the BOA and that it "had a valid property interest in the [BOA's]

---

[1] Henry Depew is not a party to this appeal.

decision[.]" On that basis, the trial court concluded the BOA had violated Plaintiff's procedural due process rights when it "erroneously determined that Mr. Depew was the applicant and when it did not allow the individuals present [at the hearing] on behalf of [Plaintiff] the opportunity to testify." The trial court remanded the case to the BOA for a "determination of standing with regard to [Plaintiff] and any other proceedings regarding [Plaintiff's] application for appeal." Defendant appeals from this Order.[2]

## **Appellate Jurisdiction**

Although neither party raises this issue, we must address whether this appeal is properly before this Court. *See Akers v. City of Mount Airy*, 175 N.C. App. 777, 778, 625 S.E.2d 145, 146 (2006) ("[When faced with] a jurisdictional issue, this Court has an obligation to address the issue *sua sponte* regardless [of] whether it is raised by the parties." (citation omitted)). Defendant contends this Court has jurisdiction pursuant to N.C. Gen. Stat. § 7A-27(b) because the appeal "arises from a final judgment resolving all claims as to all parties[.]" We disagree.

"An interlocutory order . . . is one made during the pendency of an action which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy." *Coates v. Durham Cnty.*, 266 N.C. App. 271, 272, 831 S.E.2d 392, 393 (2019) (citation and quotation marks omitted); *see*

---

[2] Defendant-Appellee New Hanover County did not appeal the trial court's Order or file briefs with this Court.

*also Veazey v. City of Durham*, 231 N.C. 357, 361-62, 57 S.E.2d 377, 381 (1950) (contrasting this definition of an interlocutory order with definition of a final judgment, which is "one which disposes of the cause as to all the parties, leaving nothing to be judicially determined between them in the trial court." (citations omitted)).

> [T]his Court has consistently held that an order by a superior court, sitting in an appellate capacity, that remands to a municipal body for additional proceedings is not immediately appealable. *See, e.g.*, *Heritage Pointe Builders*[ *v. N.C. Licensing Bd. of General Contractors*], 120 N.C. App. [502,] 504, 462 S.E.2d [696,] 698 (1995) (appeal of superior court's remand to a licensing board for rehearing dismissed as interlocutory); *Jennewein v. City Council of the City of Wilmington*, 46 N.C. App. 324, 326, 264 S.E.2d 802, 803 (1980) (appeal of superior court's remand to a city council for a *de novo* hearing dismissed as interlocutory).

*Akers*, 175 N.C. App. at 779-80, 625 S.E.2d at 146-47 (appeal of superior court's remand to a board of commissioners for further proceedings dismissed as interlocutory).

Here, Defendant appeals from an Order remanding the case to the BOA "for a determination of [Plaintiff's] standing . . . and any other proceedings regarding [Plaintiff's] application for appeal." Because this Order "remands to a municipal body for additional proceedings[,]" *see id.*, this appeal is interlocutory, *see Coates*, 266 N.C. App. at 272, 831 S.E.2d at 393.

"A party may appeal an interlocutory order if either: (1) the trial court certifies there is no just reason to delay appeal under N.C. Gen. Stat. § 1A-1, Rule 54(b)[;] or

(2) if delaying the appeal would affect a substantial right." *Id.* at 273, 831 S.E.2d at 394 (citation omitted). Here, the trial court's Order does not contain a Rule 54(b) certification; therefore, we consider whether the Order affects a substantial right.

"A substantial right 'is a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [one] is entitled to have preserved and protected by law: a material right.' " *Gilbert v. N.C. State Bar*, 363 N.C. 70, 75, 678 S.E.2d 602, 605 (2009) (quoting *Oestreicher v. Am. Nat'l Stores, Inc.*, 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976)). The burden is on the appellant to establish that "the order [appealed from] deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits." *Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994) (citations and quotation marks omitted). Further, "[i]t is not the duty of this Court to construct arguments for or find support for [the] appellant's right to appeal from an interlocutory order[.]" *Id.* at 380, 444 S.E.2d at 254 (citations omitted).

Moreover, Rule 28(b)(4) of our Rules of Appellate Procedure requires that "[w]hen an appeal is interlocutory, the statement [of the grounds for appellate review in the appellant's brief] must contain sufficient facts and argument to support appellate review on the ground that the challenged order affects a substantial right." N.C. R. App. P. 28(b)(4) (2025). Our Court has noted that in the context of interlocutory appeals, a violation of Rule 28(b)(4) is jurisdictional and requires

dismissal. *See Larsen v. Black Diamond French Truffles, Inc.*, 241 N.C. App. 74, 77-78, 772 S.E.2d 93, 96 (2015) ("[W]hen an appeal is interlocutory, Rule 28(b)(4) is not a 'nonjurisdictional' rule. Rather, the *only way* an appellant may establish appellate jurisdiction in an interlocutory case (absent Rule 54(b) certification) is by showing grounds for appellate review based on the order affecting a substantial right.").

In the instant case, Defendant has neither addressed the interlocutory nature of the Order being appealed nor offered in its statement of grounds for appellate review any substantial right that would be affected absent review prior to a final determination on the merits. Thus, this appeal is interlocutory, and Defendant has failed to show that a substantial right would be lost absent immediate appeal. Therefore, we lack jurisdiction to review this matter on the merits. Consequently, we must dismiss this appeal. *See Coates*, 266 N.C. App. at 274-75, 831 S.E.2d at 395.

## **Conclusion**

Accordingly, for the foregoing reasons, we dismiss the appeal for lack of appellate jurisdiction.

DISMISSED.

Judges ARROWOOD and COLLINS concur.

Report per Rule 30(e).